FILED
RECEIVED
ENTERED
SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 15 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Prepared By: Office of the Executor Harold S Correos
For The HAROLD S CORREOS, ESTATE
1830 Del Font CT
Las Vegas, NV 89117
I am Executor, Director, CEO, and Beneficiary of the HAROLD S CORREOS Estates.

## IN THE UNITED STATES LAS VEGAS DISTRICT COURT OF NEVADA
## DETINUE/REPLEVIN REDEMPTION FOR GRAND LARCENY/THEFT OF PROPERTY
## VIOLATION OF TRESPASS & HARASSMENT TO THE ESTATE
## <u>PUBLIC LAW 10, CHAPTER 48, SEC. 48, STATUTE 112,113</u>
## <u>(1933). HJR 192 PUBLIC LAW 73-10</u>
## <u>DEPRIVATION OF RIGHTS CONSTITUTIONAL VIOLATIONS</u>

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER TITLE 42 U.S.C., §1866, 1983, and 1985
#### Violations Pursuant to Title 15 USC Section 1692 of the Fair Debt Collection Practice Act

Date: January, *15* 2021

| | |
|---|---|
| HAROLD S CORREOS, Executor )<br>HAROLD S CORREOS, ESTATE. )<br>Libellant/Affiant/Plaintiff, )<br> )<br> )<br> )<br> )<br> )<br>Vs. )<br> )<br> )<br>**OCWEN LOAN SERVICES, LLC** )<br>**Commission File No. 1-113219 (OCWEN)** )<br>PHH MORTGAGE CORPORATION )<br>WESTERN PROGRESSIVE–NEVADA, INC. )<br>Co. No.: E0401552012-8 (W.P.-NV, INC.) )<br>CEO: Glen Messina )<br>CEO: Robert B. Crowl )<br>PRESIDENT: Gregg S Grant )<br>DIRECTOR: Michelle D Esterman )<br>ATTORNEY: Kristin A. Schuler-Hintz, Esq )<br>ATTORNEY: Matthew Dayton, Esq )<br>ATTORNEY: McCarthy & Holthus, LLP )<br>ATTORNEY: PRISCILLA L. BAKER, ESQ. )<br>M.E.R.S., INC. )<br>FIDELITY NATIONAL TITLE )<br>QUALITY LOAN SERVICE CORPORATION )<br>UNKNOWN JOHN DOE'S 1-100 et al.......... )<br> )<br> )<br> )<br> )<br> )<br> | 2:21-cv-00085-GMN-BNW<br><br>_____<br><br>COMPLAINT FOR DAMAGES<br>CIVIL RIGHTS VIOLATIONS<br>CONSTITUTION VIOLATIONS<br>THE COINAGE ACT VIOLATIONS<br>R.I.C.O. ACT VIOLATIONS<br>CONTRACT VIOLATIONS<br>PUBLIC LAW 10, CH. 48, § 48, STAT. 112,113<br>I.R.S. TAX LAW VIOLATIONS<br>THREAT OF FORCE<br>FDCPA VIOLATIONS<br>FRAUD<br>FRAUD UPON THE COURT<br>MAIL FRAUD<br>FTCA VIOLATION<br>THEFT OF PROPERTY<br>TILA VIOLATIONS<br>UNLAWFUL FORECLOSURE<br>DOUBLE DIP FRAUD<br>GRAND LARCENY<br>CONSUMER RIGHTS VIOLATIONS<br>TITLE 18 USC 1091 |

) EXPLOITATION and INTIMIDATION OF
) ELDER PERSON 2014 TITLE 16, CH. 5 ARTICLE 8,
) SEC. 16-5-102
) CONSPIRACY AGAINST RIGHTS
) TITLE 18 U.S. CODE SEC. 241-242
) SOLICITATION TO COMMIT A
) CRIME OF VIOLENCE
) TITLE 18, PART 1 CH. 19, SEC. 373
) TITLE 18 U.S.C. 641
) VIOLATION OF THE HOBBS ACT
) TRIAL BY JURY Demanded

Libellees/Defendants,

Libellees are additionally subject to postal statutes and the jurisdiction of the Universal Postal Union

COMPLAINT FOR DAMAGES, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C especially
§1866, 1983 and 1985, CONSTITUTIONAL VIOLATIONS, RACKETEER INFLUENCED
CORRUPT ORGANIZATIONS ACT VIOLATIONS,CONSUMER RIGHTS VIOLATIONS,
CONTRACT VIOLATIONS, I.R.S. TAX LAW VIOLATIONS, THREAT OF FORCE, FEDERAL
DEBT COLLECTION ACT & (FDCPA) VIOLATIONS, FRAUD, FRAUD UPON THE COURT,
MAIL FRAUD,FEDERAL TRADE COMMISSION ACT (FTCA)&(S.E.C.) VIOLATIONS
especially Section 5: Unfair or Deceptive Acts or Practices, TRUTH IN
LENDING ACT(TILA) VIOLATIONS,UNLAWFUL & ILLEGAL FORECLOSURE,USC 18 §1006
making false entries with intent to Defraud, EXTORTION,VIOLATION OF
CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT,DOUBLE DIPPING, GRAND
LARCENY ON THE PROPERTY ESTATE, VIOLATION OF THE HOBBS ACT (ROBBERY &
EXTORTION), VIOLATION DUE PROCESS OF COMMON LAW CLAUSE. DEMAND FOR TRIAL
BY JURY!

## I.   PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts
involved in this action or otherwise relating to your imprisonment?  YES [ ]  NO [ x ]

B. If your answer to A is YES, describe the lawsuit in the space below. (If there is more than
one lawsuit, describe the additional lawsuits on another piece of paper, using the same
outline.)

1. Parties to the previous lawsuit:

Plaintiffs
_____N/A_____

Defendants
_____N/A_____

2.  COURT (If federal court, name the district; if state court, name the county):
_____N/A_____

3.  DOCKET NUMBER:
____N/A_____

4.  Name of Judge to whom case was assigned:
_____N/A_____

5.  Disposition: (For example: was the case dismissed? Was it appealed? Is it still pending?)

6.  Approximate date of filing lawsuit:
_____N/A_____

7.  Approximate date of disposition:
_____N/A_____

**II.    PLACE OF PRESENT CONFINEMENT:**
_____N/A_____

A.  Is there a prisoner grievance procedure in this institution?  YES [  ]  NO [ X ]

B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure? YES [  ]  NO [ X ]

C.  If your answer is YES,
    1.  What steps did you take? _____ N/A _____
    2.  What was the result? _____ N/A _____

D.  If your answer is NO, explain why not. __Prisoner grievance is not applicable in this situation.__

The term "Plaintiff/Libellant/Affiant" means HAROLD S CORREOS, living flesh and blood actual man, lawful non-fictional, credit generating, secured party, protector and enforcer of the interests of injured party Harold S Correos Executor/beneficiary for HAROLD S CORREOS ESTATE and its holdings.

The term "Beneficiary" means Harold S Correos living flesh and blood actual man, lawful non-fictional, credit generating secured party, owner and heir of the interests of injured party Harold S Correos Executor for HAROLD S CORREOS ESTATE and its holdings.

The term "Executor" means HAROLD S CORREOS, living flesh and blood actual man, lawful non-fictional, credit generating secured party, owner and heir of the interests of injured party HAROLD S CORREOS ESTATE and its holdings.

The term "HAROLD S CORREOS" or any permutation/variation thereof, in all capital letters means: non-living entity, legal fiction, held and protected along with all associated real and personal property, vehicles and belongings within HAROLD S CORREOS ESTATE.

The term "Defendant(s)" refers to any person real or constructed including corporations, LLC, Trust, corporation or other entity alleged to have committed or participated in the commission of detrimental and /or illegal acts against the Plaintiff/Affiant/Libellant.

**Page 3 of 37**

The term "Libellee(s)" refers to any person real or constructed including corporations, LLC, Trust, corporation or other entity alleged to have committed or participated in the commission of detrimental and /or illegal acts against the Plaintiff/Affiant/Libellant.

**Proverbs 6:30-31 "People do not despise a thief. If he steals to satisfy himself when he is starving. Yet when he is found, he must restore sevenfold."**

**III.**  Statement of Claim State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

**Should any statement/claim be shown to be not applicable due to any valid and lawful reason it by no means invalidates the remaining claims and facts herein. The claim/statement/demand that cannot be applied for lawful reasons should be given the opportunity to be corrected by the Affiant and until corrected, updated or consented to be removed by the Affiant the remaining statements, facts, claims and demands shall remain intact and move forward in the pursuit of justice and remedy.**

## Affidavit of Fact and Statement of Claim

1. Plaintiff states the claim in short that the Defendants, in whole and in part, have committed fraud to steal the real and personal property belonging and owed to the Plaintiff; Executor, Harold S Correos **Entitlement Holder**.

2. Plaintiff states the claim that the Defendants have committed crimes by causing the deprivation of the Plaintiff's rights, privileges, or immunities secured by the Constitution and laws through the violation the Civil Rights of the Plaintiff via the acts of the Principals and the agents involved in the communications and transactions between the Defendants and Plaintiff. The nature of these referenced violations pertain to **Executor De Son Tort, grand larceny/theft of property without compensation is an Act of Eminent Domain,** violations of **The Hobbs Act (Robbery & Extortion),** violations of The Smith Act of 1940, violations of The Coinage Act of 1873/Mint Act of 1873, FTC and SEC violations, violations of HJR 192-Public Law 73-10, violations of Public Law 10 chapter 48 section 48 statute 112, 113, violations of due process of common law clause jurisdiction, injury, intimidation, or interference to an individual participating in a federal assistance program such as Homestead Act/Fannie Mae/Freddie Mac home loan programs.

3. Plaintiff states the claim that the Defendants have violated the Constitution for the United States for America through the acts of the Principals and the agents involved in the communications and transactions between the Defendants and Plaintiff.

4. Plaintiff states the claim that the Defendants have colluded together as a team and network of organizations to act corruptly and with unclean hands to the detriment of the Plaintiff through the acts of the Principals and agents involved in the communications and transactions between the Defendants and Plaintiff.

5. Plaintiff states the claim that the Defendants have violated the several consumer rights of the Plaintiff through the acts of the Principals and agents involved in the communications and transactions between the Defendants and Plaintiff.

6. Plaintiff states the claim that the Defendants have violated the Internal Revenue Service Law in their efforts to deprive the Plaintiff of real and personal property through the acts of the Principals and agents involved in the communications and transactions between the Defendants and Plaintiff.

7. Plaintiff states the claim that the Defendants have used the threat of force to deprive the Plaintiff of real and personal property through the acts of the Principals and agents involved in the communications and transactions between the Defendants and Plaintiff.

8. Plaintiff states the claim that the Defendants have violated the Federal Debt Collection Act in their efforts to deprive the Plaintiff of real and personal property through the acts of the Principals and agents involved in the communications and transactions between the Defendants and Plaintiff.

9. Plaintiff states the claim that the Defendants have committed Fraud through the deceptive acts, practices and tactics employed by the acts of the Principals and Agents in their efforts to deprive the Plaintiff of real and personal property through the communications and transactions involving the Defendants and Plaintiff.

10. Plaintiff states the claim that the Defendants have attempted and committed Fraud upon the Court through the acts of the Principals and Agents involved in the communications and transactions pertaining to the Defendants and Plaintiff previously brought before the **Debbie Conway County Recorder of** Clark County Nevada.

11. Plaintiff states the claim that the Defendants have committed Mail Fraud through the acts of the Principals and Agents involved in the communications and transactions pertaining to the Defendants and Plaintiff.

12. Plaintiff states the claim that the Defendants have worked to commit theft of the real and personal property of the Plaintiff through the acts of the Principals and agents involved in the communications and transactions pertaining to the Defendants and Plaintiff.

13. Plaintiff states the claim that the Defendants have acted in violation of the Truth in Lending provisions to deprive the Plaintiff of real and personal property.

14. Plaintiff states the claim that the Defendants have performed an unlawful an illegal foreclosure upon the real property of the Plaintiff as they have admitted, settled and been found to do to countless others in previous findings in an effort to unduly enrich themselves and deprive the Plaintiff of real and personal property though the acts of the Principals and agents involved in the communications and transactions pertaining to the Defendants and Plaintiff.

15. Plaintiff states the claim that the Defendants have made false entries with the intent to defraud with the intent to deprive the Plaintiff of real and personal property through the acts of the Principals and agents involved in the communications and transactions pertaining to the Defendants and Plaintiff.

16. Plaintiff states the claim that the Defendants have attempted and committed extortion to deprive the Plaintiff of real and personal property through the acts of the Principals and agents involved in the communications and transactions pertaining to the Defendants and Plaintiff.

17. Plaintiff states the claim that the Defendants have committed violations of Consumer Fraud and Deceptive Trade Practices provisions in an attempt to unduly deprive the Plaintiff of real and personal property through the acts of the Principals and Agents involved in the communications and transactions pertaining to the Defendants and the Plaintiff.

18. Defendants WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, its principals, agents and co-parties are and have been committing SCIENTER ACTS (omitting knowledge) in Bad Faith: Fraud via Criminal Impersonation of an authorized representative the Office of the Executor/Beneficiary. See Exhibit-G POA dated Sep.6, 2013 and Exhibit-B Grant, Bargain, Sale  Deed #2002112000487

19. Defendants WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, its principals, agents and co-parties are and have been committing SCIENTER ACTS (omitting knowledge) in Bad Faith: Conspiracy See Exhibit-E DEED OF TRUST #20050414 0003789

**Proverbs 6:30-31 "People do not despise a thief. If he steals to satisfy himself when he is starving. Yet when he is found, he must restore sevenfold."**

20. Defendants OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq., its principals, agents and co-parties are and have been committing SCIENTER ACTS (omitting knowledge) in Bad Faith: Undue Enrichment. See Exhibit-E  DEED OF TRUST #20050414 0003789

21. Defendants WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, its principals, agents and co-parties are and have been committing SCIENTER ACTS (omitting knowledge) in Bad Faith via: Willful and Wanton Irreparable Harm by initiating and continuing offensive attacks to deprive the Plaintiff of rightful redress and justice. See Exhibit-F petition for order of Possession dated June 18, 2018 Notice of Trustee Sale #20180510 0000211

22. Defendants OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, its principals, agents and co-parties are and have been committing SCIENTER ACTS (omitting knowledge) in Bad Faith via: Commercial War, by initiating and continuing offensive attacks to deprive the Plaintiff of resources, wealth and security. See Exhibit-A petition for order of Possession, Notice of Trustee Sale #20201113-0000672

23. Defendants OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, its principals, agents and co-parties are and have been.committing SCIENTER ACTS (omitting knowledge) in Bad Faith via: Commercial Credit Slander, by initiating and continuing undue negative reporting of the Plaintiff's financial accountability based on fraudulent information and reports. See Exhibit –N account statement and negative credit reporting from Defendants.

24. Defendants OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE–
NEVADA, INC., PHH MORTGAGE CORPORATION, PRISCILLA L.
BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl,
Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew
Dayton, Esq,, its principals, agents and co-parties are and have been committing
SCIENTER ACTS (omitting knowledge) in Bad Faith via: continuous torts by
constantly attacking the Plaintiff causing controversy and perpetuating actions
that have negative ripple effects in the life of the Plaintiff without provocation by
the Plaintiff. See Exhibit –N account statement and negative credit reporting from
Defendants.

25. Any immunity whether Absolute or Limited is not protective in the
Libellees/Defendants' acts of Bad Faith against Harold S Correos
Executor/beneficiary for HAROLD S CORREOS ESTATE and its holdings.
Am Jur 2nd, Volume 17 (A) Clause #298, applies. NO IMMUNITIES WILL
PROTECT A PERSON WHO ACTS IN BAD FAITH!

26. Any Collateral Attack on this and previously submitted
AGREEMENT/CONTRACTs by the Libellees/Defendants is and has been in Bad
Faith. The dishonor thereof is/has been an attempt to violate U.S. Constitution
Article I, Section 10, "THE IMPAIRMENT OF CONTRACTS" and the D.C.
Codes.

27. Defendants/Libellees WESTERN PROGRESSIVE–NEVADA, INC., PHH
MORTGAGE CORPORATION, OCWEN LOAN SERVICING, LLC,
PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina,
Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz,
Esq, Matthew Dayton, Esq,, its principals, agents and co-parties thereof have
failed to produce the injured party of said matter as they have suffered none. Only
the Plaintiff/Affiant/Libellant has suffered injury throughout this ordeal. This has
been done to the effect of Depriving the Plaintiff/Affiant/Libellant of protected
rights.

28. Defendants/Libellees WESTERN PROGRESSIVE–NEVADA, INC., PHH
MORTGAGE CORPORATION, OCWEN LOAN SERVICING, LLC,
PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina,
Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz,
Esq, Matthew Dayton, Esq., its principals, agents and co-parties thereof have
failed to produce on the record any evidence that they lawfully exist in a capacity
allowing them to have legal standing to seek any property, time, energy in any
form, or any forms of restitution from the Affiant, which has been done with the
effect of depriving the Affiant/Plaintiff of protected rights.

29. By and through previously submitted commercial notices, the Libellant/Affiant
noticed Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA
L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B.

Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, its principals, agents and co-parties  that by mistake Libellant/Affiant had moved in good faith to comprehend and remedy a mistake caused by his misplaced trust and inability to comprehend the motives of those attempting to contract with Executor Harold S Correos for HAROLD S CORREOS ESTATE. Exhibit-I, Exhibit-J & Q previously submitted remedies.

30. All contracts and agreements and presentments by any and Defendants/Libellees WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ.,Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, Officer(s), Representatives, Principals, Agents and Employees, have been expressly induced by Fraud, Coercion, Extortion and non-disclosure contracts upon the Libellant/Affiant which has had the effect of depriving the Affiant of protected rights.

31. It is apparent that Defendant WESTERN PROGRESSIVE-NEVADA, INC., is a Robo-Signer for its principal OCWEN LOAN SERVICING, LLC and FIDELITY NATIONAL TITLE, MERS INC., QUALITY LOAN SERVICE CORPORATION, and McCarthy & Holthus through their blind and negligent presentations to affirm matters not confirmed as true. An employee/trustee of a mortgage servicing company that signs foreclosure or other instruments of equity and security without reviewing them. Rather than reviewing the individual details of each case, robo-signers assume the paperwork to be correct and sign it automatically, like robots, hence the name.

32. Defendant/Libellee OCWEN LOAN SERVICING, LLC cannot legally and lawfully own property fraudulently sold to OCWEN by a non-owner while the property was still under litigation for the illegal and unlawful foreclosure carried out by the other Defendants.

33. Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, Officer(s), Representatives, Principals, Agents and Employees have made false and fraudulent entries into specially coded files such as Customer Transaction that courts of fiction/ non-record and private/public agencies/agents rely upon as undisputed evidence having the effect of depriving the affiant/Plaintiff of rights.

34. Libellees/Defendants, OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, officer(s) Representatives, Principals, agents and employees are

indebted to Beneficiary in the amount of the funds/resources they obtained through the deprivation of the Affiant/Plaintiff's rights.

35. The incidents involved show dangerous and disturbing disregard for the civil freedom and right of Executor Harold S Correos by the Libellees/Defendants.

36. The Defendants and Attorneys are required by the U.S. PATRIOT ACT to reveal the source of their funds by filing Currency Transaction Reports, Currency and Monetary Instrument Transportation Forms (CMIRs) under §§ 5311 et seq. of 31 U.S.C. of THE BANK SECRECY ACT, and 31 CFR § 103.11 regulations et seq., under the U.S. PATRIOT ACT and SEC Rule 17a-8, which applies to all broker-dealers, and incorporates the requirements of the Bank Secrecy Act to file reports and maintain records showing the source of the funds, especially when transferring/transporting monetary instruments of $10,000 or more. The Libellee/Defendants have failed to abide by these rules and laws which have had the effect of depriving the Affiant/Plaintiff rights and attempting to evade IRS and congressionally passed laws.

37. As recorded on Debbie Conway County Recorder- CLARK County Register of Deeds Instrument #20201113-0000672 See Exhibit-A Debbie Conway- CLARK County Register of Deeds Instrument # 20201113-0000672 WESTERN PROGRESSIVE-NEVADA, INC. was named as Trustee on a deed instrument for real property to secure payment of $552,077.42 principal by HAROLD S CORREOS ESTATE.

38. In the original Deed of Trust between the Plaintiff/Affiant/Libellant and the true lender ALLIANCE BANCORP & Arthur Halloran, it was agreed that there could be no request by the Lender and assigns to demand payment in full as prohibited by law. The Defendants claim to put themselves in the place of the lender erroneously and still violate the covenants made in Deed of Trust in attempts to gain undue enrichment and to deprive the Plaintiff of rights to property. See Exhibit-B Grant, Bargain, Sale Deed Instr. #20021120-00487

39. On or around **May 10, 2018** OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, and others worked together to swear a certificate and acknowledgment of their unilateral decision to appoint WESTERN PROGRESSIVE-NEVADA, INC. as Substitute trustee recorded in Deed instrument #20180510-0000211 See Exhibit-F Debbie Conway- CLARK County Register of Deeds.

40. According to Account # 70128527, the IMPAC serviced by COUNTRYWIDE HOME LOANS to GMAC MORTGAGE CORP., et al initiated publicized advertisements of the Plaintiffs real property on September 1, 2005 See Exhibit-R Notice of Assignment, Sale, or Transfer Servicing of Rights Account # 70128527

41. Defendants/Libellee OCWEN LOAN SERVICING, LLC attempted to act adversely as a Debt collector against the Plaintiff, egregiously exaggerating the unconfirmed debt as $552,077.43.

42. According to USPS tracking number 9314 8100 1170 1050 2093 54 on or about **Nov 13, 2020**, the notice of the substitute Trustee sale was provided by WESTERN PROGRESSIVE-NEVADA, INC. with an admission that the sale was subject to the occupants rights in possession and that WESTERN PROGRESSIVE-NEVADA, INC., et al were acting as debt collectors. Having the effect of Threat of Force and Theft of Property etc. See Exhibit-A Substitute Trustee Sale with Tracking number #9314 8100 1170 1050 2093 54, 1 of 10

43. Defendants WESTERN PROGRESSIVE-NEVADA, INC., upon penalty of perjury, admitted their willing and conscious effort to commit fraud upon the court knowing he had no right to sell the real property of Harold S Correos for OCWEN LOAN SERVICING, LLC lacking a writ of possession in Article III Court Affidavit. See Exhibit-A, Exhibit-F Affidavit of WESTERN PROGRESSIVE-NEVADA, INC..

44. The Defendants executed in **Nov 12, 2020** and filed on **Nov 13, 2020** a Special Warranty Deed for $552,077.43 value to WESTERN PROGRESSIVE-NEVADA, INC., granted fraudulently by OCWEN LOAN SERVICING, LLC despite failure to lawfully show anywhere they possessed the right to title nor did they possess true ownership of the mortgage or the real property. See Exhibit-A Debbie Conway- CLARK County Register of Deeds Instrument # 20201113-0000672

45. On or about **Sep 28, 2020** the Defendants in an effort to undermine the efficiency of the court and to deprive the Plaintiff of the opportunity to exercise his right to have a Jury trial decided to substitute counsel. At the same time, there was a motion of Judgment with a request for a summary judgement, to prevent the hearing of the matter before a jury as the Plaintiff clearly requested. Exhibit-C

46. Defendants/Libellees PRISCILLA L. BAKER, ESQ., McCarthy & Holthus, LLP, et al... have abused their positions in violation of rule 5 of the Preamble of the NEVADA Rules of Professional Conduct by using procedures and laws for illegitimate purposes, which equates to fraud, and using those laws and procedures to harass and intimated others, namely the Plaintiff/Affiant/Libellant.

47. Defendants/Libellees have acted as debt collectors in concert with each other, by asking and trying to obtain more than what is allegedly owed or discharged. OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq., who have no original contract nor rightful interest have worked together to misrepresent their status and attempt to extort nearly $690,920.89 more that the initial value of the original mortgage. See Exhibit –N account statement and negative credit reporting from Defendants.

**Page 11 of 37**

48. Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, have acted as debt collectors through the requesting of fees, interest or expenses not lawfully allowed. See Exhibit –N account statement and negative credit reporting from Defendants.

49. Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, have threatened action they cannot lawfully take lacking ownership of the property and colluded to seize the property of the Plaintiff and ruin the credit of the Plaintiff in violation of the law. See Exhibit-S OCWEN delinquency notice Sep 29, 2015 #20150929-0003063

50. Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, gained civil liability once they, being unwanted third parties to the agreement between the Plaintiff and WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, notified their fellow racketeers and credit reporting agencies of the Plaintiff's alleged debt without expressed written consent from the Plaintiff.

51. Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, through their agents and principals gained civil liability once they negligently began inflicting emotional distress upon the Plaintiff through their repeated calls and mailings to third party homes and the use of family members addresses to send their threatening messages.

52. Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, through their agents and principals are committing double dip fraud by getting compensated in multiple ways from the same claim under false pretenses and the fraudulent claim that they are owed at all by the Plaintiff.

53. Defendants/Libellees PHH MORTGAGE CORPORATION, PRISCILLA L. BAKER, ESQ., Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, through their agents and principals are committing Title 18 USC 641 unlawful conversion of public records through theft, embezzlement or

misapplication as evidenced in the Statement of Account from OCWEN LOAN SERVICING, LLC on **May 7, 2018**, see Exhibit-F the Notice of Trustee Sale #20180510-0000211.

54. Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Eaq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, through their agents and principals have shown their willingness and desire to frivolously obstruct the efficiency of justice through attempts to manipulate the courts with their lies, misdeeds, and inherently unclean hands in this matter. SEE TITLE 18 U.S.C. 641.

55. Defendants/Libellees OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq, through their agents and principals have shown their willingness and desire to make themselves liable as **Executor De Son Tort**, as witnessed on the Grant, Bargain, Sale Deed executed **Nov. 20, 2002.** Executor De Son Tort translates to Executor of his own wrong. A person who assumes to act as Executor of an estate without any lawful warrant or authority, but who, by his intermeddling, makes himself liable as an Executor to a certain extent. If a stranger takes upon him to act as Executor without any just authority, (as by intermeddling with the goods of the estate, and many other transactions,) he is called in law an "Executor of his own wrong," de son tort. 2 Bl. Comm. 507. [Blacks 1st]. The defendants fulfilled this violation by selling estate property to which they had no right, authority or permission to do so. see Exhibit -B Grant, Bargain, Sale Deed #20021120-00487

IV.   **Relief** State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

### Plaintiff prays for judgment against Defendants as follows:

The relief the Plaintiff requests to be granted upon statement of the previous claims is severable and each request for relief is not dependent upon the others. Plaintiff requests the granting of that which is within the Court's vested powers in accordance with Law 224 of the 613 Laws of Yahweh **upon which the current Laws of the Land are based which states** "When required by Law, the judges must administer the appropriate punishment" per (Deuteronomy 25:2-3). Relief outside the power of this instant Honorable Court will be sought as directed and where applicable.

1. That Defendants are enjoined from taking further action against Plaintiff during the pendency of this trial;

2. That Plaintiff recovers all compensatory costs and reasonable fees, if incurred in accordance with Law 236 of the 613 Laws of Yahweh upon which the current Laws of the Land are based which states "Judgment must be rendered in the case of injury caused by a person." (Exodus 21:18-25)

3. That the Defendants pay the Plaintiff $100,000,000.00 in punitive damages

4. That the Defendants pay the Plaintiff $10,000,000.00 plus the return of the stolen property as compensatory relief to be granted.

5. That the Defendants, their Principals and agents return and or replace with equal or greater value all real and personal property lost, expended and taken through their actions, communications and transactions from the Plaintiff in accordance with Law 246 of the 613 Laws of Yahweh upon which the current Laws of the Land are based which states "Judgment must be rendered in disputes over possession of property." (Exodus 22:9).

6. That Defendants issue a public admission and apology via a major media outlet for their actions and misdeeds related to this matter and the emotional and financial distress caused thereby.

7. That Defendants immediately cease and desist the actions alleged in this matter in all operations and upon all individuals suffering injury; with like for like return of real and personal property where actual property be returned. Pursuant to statutory law and Law 194 of the 613 Laws of Yahweh, which states: "Stolen property must be returned to its owner" per (Leviticus 6:2-5)

8. That Defendants must return the property (monetary, real and otherwise) rightfully owned of the Plaintiff and the Estate as directed by Law 204 of the 613 Laws of Yahweh which states "Lost property must be restored to its owner" per (Deuteronomy 22:3)

9. That Defendants be required to specifically disprove all allegations cited herein by Plaintiff in this action on and for the record without exemption.

10. That Defendants be required to immediately correct and update all applicable negative credit reporting affecting and pertaining to the Plaintiff with receipt/certification of such being provided to Plaintiff upon initiation and completion in accordance with Law 578 of the 613 Laws of Yahweh upon which the current Laws of the Land are based which states "Do not go about tale-bearing or slandering about anyone." (Leviticus 19:16)

11. That the Defendants remove all liens associated with the real and personal property of the Plaintiff including any mortgage liens that may have been applied according to Law 208 of the 613 Laws of Yahweh which states "Use only honest weights and measures" per (Leviticus 19:36)

.

12. That the Defendants pay reasonable costs associated with the repair and/or replacement of real and personal property damaged subsequent to the illegal/wrongful foreclosure of the Plaintiff.

13. That Defendant be required to produce an accounting of all sums due under the alleged breach of contract and purported claims of account according to Law **208 of the 613 Laws of Yahweh** which states "Use only honest weights and measures" per (Leviticus 19:36)

14. For Defendants to prove ownership of mortgage.

15. For an accounting of all consideration allegedly paid by OCWEN LOAN SERVICING, LLC or purported successor(s)/assign(s)

16. For general damages and special damages in an amount to be proven at trial, but not less than $1,000 per complaint up to the maximum allowed by law.

17. For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per complaint and per offender, up to the maximum allowable by applicable law.

18. For a judicial declaration, pursuant to applicable law, that Defendants' actions violated FDCPA and NEVADA Consumer Protection Act and other applicable law on and for the record;

19. For a judgment for damages against Defendants OCWEN LOAN SERVICING, LLC, WESTERN PROGRESSIVE–NEVADA, INC., PHH MORTGAGE CORPORATION, PRISCILLA L. BAKER, ESQ., Esq. McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq., and any of the Principals and agents thereof applicable.

20. FOR OCWEN LOAN SERVICING, LLC to return to the rightful owner, that being the Plaintiff, all property and property related interests, payments, rent, fees and deeds etc..; he obtained related to the 1830 Del Font CT, Las Vegas, NEVADA [89117-9998] Property.

21. An award to Plaintiff of any pre-judgment and post-judgment interest as may be allowed under the law;

22. For such other and further relief as the Court deems just, equitable and proper.

**VI. Jury Demand** I would like to have my case tried by a jury. Yes (X) No ( ).
I (We) hereby certify under penalty of perjury that the above complaint is true to the best of our
information, knowledge, and belief. Signed this ___11th___ day of January 2021

(Signature of Plaintiff/Plaintiffs)

**Proverbs 6:30-31 "People do not despise a thief. If he steals to satisfy himself when he is
starving. Yet when he is found, he must restore sevenfold."**

## COMMERCIAL VERIFIED COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

  **COMES NOW**, the Plaintiff, Executor Harold S Correos complaining of the defendants

and each of them as follows;

### NATURE OF ACTION

1.  This is an action for damages brought by an individual plaintiff for Defendants'
violations of the Fair Debt Collection Practices Act, 15 USC § 1692, et seq.
(hereinafter, "FDCPA"), the Fair Credit Reporting Act, (hereinafter, "FCRA") 15 USC
§ 1681 and the NEVADA Consumer Protection Act, Chapter 47-18-104 (hereinafter,
"NVCPA").

2.  Plaintiff seeks to recover monetary damages for Defendants' alleged violation of the
FDCPA, FCRA and the NVCPA, and have an Order or injunction issued by this Court
preventing Defendants from continuing their immoral, deceptive and illegal behavior.

3.  Service may be made upon each Defendant in any other district in which it may be
found pursuant to 29 USC §1132(e)(2).

### PARTIES

4.  Plaintiff, Executor Harold S Correos (hereinafter, "Plaintiff") is a Private Nevada
individual; a natural man residing in Las Vegas-CLARK County, NEVADA; and
having equitable title and possessory interest to real property as defined in NEVADA

Code Annotated (NV. Code) 66-25-104(7) (A) (i) (ii) and moreover, the Executor and Beneficiary of the HAROLD S CORREOS ESTATE.

5.     The HAROLD S CORREOS ESTATE is a citizen of NEVADA.

6.     Plaintiff is a consumer as defined by the FDCPA, 15 USC § 1692a (3) and NVCPA, NV. Code 47-18-102(e).

7.     Defendant OCWEN LOAN SERVICING, LLC is at all times stated herein a limited liability company organized under the laws of the State of Nevada and qualified to do business in NEVADA.  Defendant purports to be a "Loan Servicer" for Plaintiff's alleged mortgage.  Plaintiff alleges OCWEN LOAN SERVICING, LLC is a "Debt Collector" as defined by 15 USC § 1692a (6) and a "collection service" as defined by NV. Code 62-20-102(3).

8.     Defendants WESTERN PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ.  is at all times stated herein acting under the authorization of and on the behalf of an entity, organized under the laws of the State of NEVADA and qualified to do business in NEVADA.  Plaintiff alleges WESTERN PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ.is acting as a "Debt Collector" as defined by 15 USC § 1692a (6) and a "collection service" as defined by NV. Code 62-20-102(3). This defendant is being addressed in official and private capacity for his actions.

9.     Defendants for OCWEN LOAN SERVICING, LLC   is at all times stated herein acting under the authorization of and on the behalf of an entity, as a limited liability professional partnership, organized under the laws of the State of NEVADA and qualified to do business in NEVADA.  Plaintiff alleges WESTERN PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ.is acting as a "Debt Collector" as defined by 15 USC § 1692a (6) and a "collection service" as defined by NV. Code 62-20-102(3). This defendant is being addressed in official and private capacity for his actions.

10.    Defendant WESTERN PROGRESSIVE-NEVADA, INC.  for OCWEN LOAN SERVICING, LLC  is at all times stated herein acting under the authorization of and on the behalf of an entity, as a limited liability professional partnership, organized under the laws of the State of NEVADA and qualified to do business in NEVADA. Plaintiff alleges WESTERN PROGRESSIVE-NEVADA, INC. for PRISCILLA L. BAKER, ESQ.is acting as a "Debt Collector" as defined by 15 USC § 1692a (6) and a "collection service" as defined by NV. Code 62-20-102(3). This defendant is being addressed in official and private capacity for his actions.

11.    Defendant  WESTERN PROGRESSIVE-NEVADA, INC.  is at all times stated herein acting under its own volition, knowingly and willingly as the unauthorized and unlawful holder of a Fraudulently produced special warranty for the real property in question and willing participant in the theft of property and fraud against the HAROLD S CORREOS ESTATE.

12. Defendant   WESTERN PROGRESSIVE-NEVADA, INC.  is at all times stated herein acting under the authorization of and on the behalf of an entity as a Contract Management Coordinator, business intelligence analyst and Attorney in fact and accomplice in fact for a limited liability company known as OCWEN FINANCIAL CORPORATION Commission File No. 1-13219 organized under the laws of the State of Florida and qualified to do business in NEVADA. The Defendant has assisted in and committed violations of 15 USC § 1692 FDCPA through the fabrication, filing and use of False and misleading representations resulting in the fraudulent transfer of beneficial interest in the real property owned by the Plaintiff to Defendant WESTERN PROGRESSIVE-NEVADA, INC.. This defendant is being addressed in official and private capacity for his actions.

13. Defendants PRISCILLA L. BAKER, ESQ. and PHH MORTGAGE CORPORATION are at all times stated herein acting as a Banking, Investment and Financial company and Trustee for OCWEN LOAN SERVICING, LLC. The Defendant its principals and agents are organized under the laws of the Republic of Germany and registered to do business in the United States.

14. Defendant is at all times stated herein acting as a Banking, Investment and Financial company, mortgage lender and principal/grantor for OCWEN LOAN SERVICING, LLC and its agents are organized under the laws of the Florida with a principal address in Florida and at some point registered to do business in Nevada.

## JURISDICTION AND VENUE

15. Jurisdiction of this Court arises under 15 USC § 1692, et al, USC 1681p, et al, 28 USC § 1331 and 28 USC § 1337.  The court has concurrent jurisdiction over Plaintiff's state tort claims.  Venue for the within action is proper before this Court pursuant to 28 USC 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in Nevada and within this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district. Additionally, the Estate of the Plaintiff is a citizen of the State of NEVADA, further allowing specific jurisdiction to grant relief.

## FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-allege and incorporate herein by reference the allegations and statements of fact of paragraphs 1-15 and alleges that:

17. Plaintiff brings this action regarding the defendants and each of them as a consumer, whereas defendants continue in their attempts to collect an alleged debt that they purport is owed them.  However, Plaintiff is without knowledge of alleged debt nor the beneficial interest the defendants claim is owed to them.

18.  The collection of any alleged debt in the nature of a creditor, even after said debt having been written off or charged off would be a case of unjust enrichment and/or fraud on the consumer and/or fraud on the Court. The Defendants without proving their status as executor, beneficiary or creditor have wrongly taken the property, made financial gains resulting from that action, supposedly discharged the alleged debt and yet still tried to increase their assets at the cost of the Plaintiff.

19.  Plaintiff is informed and believes and therefore alleges, the mortgage note which purportedly secures real property of which Plaintiff has equitable and possessory interest, that was made in favor of the original creditor..., has been discharged by said creditor pursuant to FAIR DEBT COLLECTION PRACTICES ACT (hereinafter, "FDCPA") at Title 15 §1692a(4).

20.  Plaintiff is informed and believes and therefore alleges, Defendants use instruments of interstate commerce and/or the mails in a business, substantially for the purpose of the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, as defined in FDCPA § 1692a(6).

21.  The first time Plaintiff ever heard of these alleged false claims by OCWEN LOAN SERVICING, LLC was when he was sent a notice of Default/Delinquency letter from OCWEN LOAN SERVICING, LLC, dated: **Mar 28, 2017.** See Exhibit –L & Exhibit –H OCWEN NOD Election to sell #20170328-0001977, #20200214-00000185

22.  Upon Plaintiff's information and belief given the facts presented in previous paragraphs, Defendants have violated relevant parts of FDCPA, FCRA and NVCPA with respect to this alleged debt.

23.  In connection with the collection of an alleged debt, defendant WESTERN PROGRESSIVE-NEVADA, INC., of PRISCILLA L. BAKER, ESQ. sent Plaintiff an initial printed communication, a "Substitute Trustee Sale," received approximately **Nov 19, 2020.**  See Exhibit-A Substitute Trustee Sale with tracking #9314 8100 1170 1050 2093 61 1 of 10 attached hereto, in which Defendant states, in relevant part, as follows:

24.  In the foregoing letter or any other received communication, Defendants, OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, et al failed to make, to the Plaintiff, the disclosures required by 15 USC § 1692g(a) et seq. (15 USC §1692e(10) and § 1692g(b) regarding dispute of debt, validation of debt etc..

25.  Plaintiff further alleges, Defendants, OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ.GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, PHH MORTGAGE CORPORATION, et al deliberately misrepresented the FDCPA to Plaintiff failing to  notify  the Plaintiff that they were

obligated to inform the Plaintiff of the name of the original creditor if that creditor is different from OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ.GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ., IMPAC, COUNTRYWIDE HOME LOANS TO GMAC MORTGAGE CORP., et al, and that they, the Defendants, were responsible for obtaining and mailing to the Plaintiff verification/validation of the debt and/or the name and address of the original creditor and how their interest has entered the situation.  The FDCPA makes no such stipulation that a consumer must dispute an alleged debt in writing to an alleged creditor.

26.   Plaintiff states that OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ.GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, WESTERN PROGRESSIVE–NEVADA, INC. , et al claim the "Owner of Debt" and the Current Owner(s) of Property as HAROLD S CORREOS on the substitute Trustee's Sale notice with the tracking #9314 8100 1170 1050 2093 61, 1 of 10. See Exhibit-A, Exhibit-F.

27.   WESTERN PROGRESSIVE–NEVADA, INC. AS TRUSTEE FOR OCWEN LOAN SERVICING, LLC have represented to Executor Harold S Correos that they have the legal right to collect the purported amount sought in their communications, of the multiple and fluctuating values they have expressed ranging from: $138,876.01 to $520,017.87. WESTERN PROGRESSIVE–NEVADA, INC. AS TRUSTEE FOR OCWEN LOAN SERVICING, LLC and their assignees et al know they do not have the legal right to collect said sum from Plaintiff, or any other amount. Plaintiff alleges Defendants are debt collectors as defined in 15 USC § 1692a (6) and in § 1692a (4), not creditors as purported by Defendants.

28.   That OCWEN LOAN SERVICING, LLC the purported "original creditor" does not have a contract with Plaintiff.

29.   That Plaintiff has always objected to any amount due and is unfamiliar with any demands by OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, or any other named or unnamed Defendant that the alleged debt was due immediately to be paid in full.

30.   That Plaintiff specifically denies the unverified Breach of Contract and Common Count claim alleged by Defendants, and Plaintiff denies that the amount claimed by OCWEN LOAN SERVICING, LLC et al is fixed and agreed upon by Plaintiff, and demands strict proof and an accounting of the alleged claim.

31.   Plaintiff is informed, believes and therefore alleges that there is no evidence the purported assignment on the subject property on the public land record is bona fide.

There is no evidence of valuable consideration between OCWEN LOAN
SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B.
CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A.
SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ., or any other named or
unnamed Defendant, with the Plaintiff nor evidence the purported assignor is even
aware of this action or has conveyed all rights and control to OCWEN LOAN
SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B.
CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A.
SCHULER-HINTZ, E, MATTHEW DAYTON, ESQ., or any other named or unnamed
Defendants.

32.  The Defendant OCWEN LOAN SERVICING, LLC through its attorney(s) WESTERN
PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ. falsely claim
they have complied with all requirements of federal and state law according to
Affirmative Defense of the Defendant's "Answer of Defendant to Plaintiffs'
Counterclaims" filed in Registrar Court of CLARK County NEVADA as a fraudulent
and misleading attempt at barring the Plaintiff's request for relief. See Exhibit-K PHH
MORTGAGE CORPORATION Answer of Defendant to Plaintiff's Counterclaim May
06, 2020 Debt Validation Notice

33.  The Defendant OCWEN LOAN SERVICING, LLC through its attorneys WESTERN
PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ. falsely allege in
Affirmative Defense of the Defendants' "Answer of Defendant to Plaintiffs'
Counterclaims," they had legal standing to provide the Plaintiff with proper notice of
default, acceleration, and foreclosure required under the terms of the Note and Deed of
Trust and in accordance with applicable law, and that the Plaintiff failed to cure the
default. This statement is false. See Exhibit-K OCWEN LOAN  Answer of Defendant
to Plaintiff's Counterclaim Oct 08, 2015 Debt Validation Notice

34.  The Defendant OCWEN LOAN SERVICING, LLC through its attorneys McCarthy
Holthus, LLP, Kristin A. Schuler-Hintz, Esq., SBN 7171, Matthew Dayton, Esq., SBN
11552, and PRISCILLA L. BAKER, ESQ. Esq. falsely allege in Affirmative Defense
of the Defendants' "Answer of Defendant to Plaintiffs' Counterclaims, that any harm
or damages Plaintiff may have suffered were proximately caused by Plaintiff's actions
and/or omissions and were not the result of any actions and/or omissions of PHH
MORTGAGE CORPORATION, which is false. Until the meddling and actions of
PHH MORTGAGE CORPORATION and their assignees the Plaintiff possessed his
home. See Exhibit-K PHH MORTGAGE CORPORATION Answer of Defendant to
Plaintiff's Counterclaim May 06, 2020 Debt Validation Notice

35.  The Defendant OCWEN LOAN SERVICING, LLC through its attorneys WESTERN
PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ. falsely allege in
Affirmative Defense of the Defendants' "Answer of Defendant to Plaintiffs'
Counterclaims, that the Plaintiff's claims are barred in whole or in part due to
Plaintiff's prior breach of the Note in failing to make timely payments as required by
the terms of the Note and subsequent modification however the Defendant was not one

contractually in a position or status to be owed any payments through contract.
Therefore the Defendant has no standing to make the claim that the Plaintiff enacted a
breach See Exhibit-K PHH MORTGAGE CORPORATION Answer of Defendant to
Plaintiff's Counterclaim May 06, 2020 Debt Validation Notice.

36.   That any/all of the foregoing documents submitted to Plaintiff by Defendants OCWEN
LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA,
ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN
A. SCHULER-HINTZ, E, MATTHEW DAYTON, ESQ, or any other named or
unnamed Defendant in response to Plaintiff's request for validation of the alleged debt
are in fact unverified copies of purported business records.  Plaintiff further alleges
said response does not qualify as evidence proving a debt is owed to Defendants, and
therefore cannot pass the hearsay exception test under court Rules of Evidence.

37.   Plaintiff is informed and believes and therefore alleges Defendants have used the U.S.
Postal Service to attempt to collect from HAROLD S CORREOS, an alleged debt
purportedly owed to an "original creditor," other than OCWEN LOAN SERVICING,
LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL,
GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ,
ESQ, MATTHEW DAYTON, ESQ,   or any other named or unnamed Defendant,
which Plaintiff alleges is "charged off."

38.   Plaintiff is informed and believes and therefore alleges OCWEN LOAN SERVICING,
LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL,
GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ,
E, MATTHEW DAYTON, ESQ, or any other named or unnamed Defendant have
violated the Fair Debt Collection Practices Act, in 15 USC § 1692e, because it made
and/or employed false, deceptive and misleading representations and/or means in
connection with a debt alleged to be owed by Plaintiff.  Furthermore, Plaintiff alleges
some or all of said false, deceptive and misleading representations were knowingly and
intentionally made by OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER,
ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D
ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ,
or any other named or unnamed Defendant.  Said representations made to
EXECUTOR Harold S Correos are possibly being made to many other consumers as
evidenced by BBB records and numerous wrongful foreclosure cases and articles
available.

39.   OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN
MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN,
KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, or any other
named or unnamed Defendants have violated the Fair Debt Collection Practices Act, in
15 USC § 1692d, the natural consequence of which is to harass, oppress and abuse
Plaintiff.  As a result of such harassing communications, Defendants should have

known the natural consequences of said violation conduct would harass, oppress or abuse Plaintiff.

40. Plaintiff is informed and believes and therefore alleges OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, nor any other named or unnamed Defendants have the legal right to collect said sum because no sum is owed by EXECUTOR Harold S Correos to them and/or any party under whom OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, E, MATTHEW DAYTON, ESQ,  or any other named or unnamed Defendant is claiming to hold an assignment.

41. Further, no valid assignment to PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, et al exists. Although OCWEN LOAN SERVICING, LLC demand letter does not expressly allege same, WESTERN PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ. are claiming their clients holds the alleged debt by assignment from another entity, by expressly stating that OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, et al are the "creditors to whom the debt is owed." By falsely representing that there exists a proper and legally valid assignment between OCWEN LOAN SERVICING, LLC et al and the original creditor of the account; if OCWEN LOAN SERVICING, LLC is so representing, and that PHH MORTGAGE CORPORATION SERVICING, LLC has a right of recovery against thereon; and by threatening to foreclose on Plaintiff's real property in its efforts to collect on the purported debt, OCWEN LOAN SERVICING, LLC and their co-racketeers have violated relevant parts of the FDCPA, and are liable to Plaintiff for statutory and actual damages thereon, plus attorney's fees, and costs.  Said violations include, but are not limited to violations of 15 USC §1692e, et seq. and 15 USC §1692d, et seq.

42. Plaintiff is informed and believes and therefore alleges OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ.GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ,  et al have made knowing and intentional misrepresentations, or misleading and/or false representations as to the legal status, character, and/or amount of the debt, in violation of 15 USC §1692e (2) and in violation of USC 15 §1692e (10).

43. Plaintiff is informed and believes and therefore alleges each Defendants action constitute conduct highly offensive to a reasonable person, and as a result Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees as well as punitive damages.

The FAIR TRADE COMMISSION on a 5 to 0 ruling, made it clear that every 'servicer' of a loan AND their attorneys, (them being a trustee to a deed of trust or a collection company) are subject to this law.  See the following supportive, relevant case law:
Vicarious liability will be imposed on an attorney's client for the attorney's FDCPA violations if the attorney and client were both debt collectors. See *First Interstate Bank v. Soucie*, 924 P.2d 1200 (Colo. App. 1996).

"Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct."  See *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495 (D. N.M. 1994).

44. Plaintiff is informed and believes and therefore alleges that the false claims of debt purported as owed to them, as indicated in the correspondence sent to Plaintiff by Defendants PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, et al, and their failure to validate said debt renders both Defendants in violation of the following:

## FIRST CAUSE OF ACTION

## ACCOUNTING

45. Plaintiff repeats and re-allege and incorporate herein by reference the allegations and statements of fact of paragraphs 1-44.

46. OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ. et al purportedly holds to be Plaintiff's assigned creditor.  As a result of this purported relationship to Plaintiff, said Defendants have a duty to properly account for monies purportedly owed to Defendants and payments made by Plaintiff.  Plaintiff sees no properly verified evidence in support of Defendants' claim.

47. The amount of money paid or claimed still owed to Defendant is unknown to Plaintiff and cannot be determined without verified accounting.

48. OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ. GLEN

MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, et al. should be ordered to provide a written accounting of all sums allegedly due under the terms of the alleged original written contract (if any), and provide an explanation of each amount due and an accounting of all sums allegedly paid from OCWEN LOAN SERVICING, LLC then to PHH MORTGAGE CORPORATION, and then too WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ., or its Successor for the alleged assignment of the alleged debt.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC § 1692

49. Plaintiff repeats and re-alleges and incorporate herein by reference the allegations and statements of fact of paragraphs 1-48.

50. The Fair Debt Collection Practice Act ("FDCPA") is a consumer protection act that requires that debt collectors treat debtors fairly and prohibits certain methods of debt collection. *Russell v Equifax ARS*, 74 F3d 30, 33 (2d Cir 1996).

51. The U.S. Court of Appeals for the Sixth Circuit held that mortgage foreclosure IS debt collection under the FDCPA. (Emphasis added.) See, *Glazer v Chase Home Finance LLC*, 704 F3d 453, 455 (6th Cir 2013

52. Plaintiff is a "consumer" as defined in 15 USC 1692a (3). Defendants OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, are "debt collectors" as defined in 15 USC§1692a (6). Defendants were attempting to collect an alleged debt procured for "household purposes" as defined in 15 USC 1692a (5).

53. On **Nov 11, 2020**, Defendants served upon the record of Las Vegas- CLARK County Debbie Conway Recorder of the colorable Judgment for Possession/Notice for Sale of Property in compliance with 15 USC§1692g which issued in Supreme Court in compliance with 15 USC§1692g. Title 15 USC § 1692g requires Defendants to provide Plaintiff with verification of the alleged debt once received. Title 15 USC 1692(5) (b) requires defendants to cease all collection activity until the debt collector obtains *verification* of the alleged debt. Defendants and each of them has failed to provide verified proof of their alleged debt. However Defendants continue to make attempts to collect the alleged debt through an erroneous foreclosure action, to purposefully achieve an unlawful disgorgement of Plaintiff's real property.

54. FDCPA states in part; The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the Principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.** [Emphasis added] For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business, the Principal purpose of which is the enforcement of security interests.

55. Defendants' conduct was negligent or willful or both, rendering OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ,  , WESTERN PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ. liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of FDCPA.

56. Defendants conduct was negligent or willful or both, rendering both Defendants liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the Plaintiff prior to initiating a foreclosure collection action, in violation of 15 USC § 1692g(b).

    a. Defendants violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b. Defendants violated §1692(j) of the FDCPA by making false statements of material fact by posing as or representing creditors and by using unfair or unconscionable means in connection with the collection of an alleged debt;

    c. Defendants use unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692f;

    d. Defendants violated 15 USC§1692(e) (8) which requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know that the debt is disputed; whereby the standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt disputed, regardless of how or when that knowledge is "acquired."

57. Specifically, Defendants OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ, McCarthy & Holthus, LLP, and knew/know they were/are not entitled to collect on the alleged debt.

58. Defendants were/are fully aware that each of them were/are *unable* to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to defendants.

59. Therefore, Defendants are liable to Plaintiff, under 15 USC § 1681s for damages to his consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, and other damages due to Defendants' acts.

60. Defendants are therefore liable unto Plaintiff pursuant to 15 USC§1692k in the amount of $1000.00 plus punitive, consequential, and actual damages.

61. Plaintiff is informed and believes and therefore alleges Defendants should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA for violations alleged herein or proven at trial.

62. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties under FDCPA. A judicial declaration pursuant to FDCPA and NV. Code 66-27-404 that Defendants' actions violated FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

63. The Fair Debt Collection Practices Act, §1692k provides for actual damages as statutory damages of up to one-thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorney's fees. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ. GLEN MESSINA, ROBERT B. CROWL, GREGG S GRANT, MICHELLE D ESTERMAN, KRISTIN A. SCHULER-HINTZ, ESQ, MATTHEW DAYTON, ESQ., WESTERN PROGRESSIVE-NEVADA, INC., and PRISCILLA L. BAKER, ESQ.to be determined at trial. OCWEN LOAN SERVICING, LLC and PHH MORTGAGE CORPORATION are The Defendants are liable to Plaintiff for statutory damages as prescribed by 15 USC § 1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to §1692k(a)(3).

64. Plaintiff hereby prays for actual damages under the Fair Debt Collection Practices Act and for statutory damages as set forth above for each and every violation of the Fair

Debt Collection Practices Act proven at the trial of this case, and reasonable fees and costs thereunder.

## THIRD CAUSE OF ACTION

### VIOLATIONS OF NEVADA
### FAIR DEBT COLLECTION PRACTICES ACT, 62-20-102(3) and NEVADA CONSUMER PROTECTION ACT, 47-18-104

65. Plaintiff repeats and re-alleges each and every allegation and statement of fact by reference herein all prior paragraphs 1-64.

66. Subsequent violations of Federal FDCPA by Defendants create violations of the NEVADA Fair Debt Collection Practices Act, hereinafter (NVFDCPA) which is actionable under NV. Code 62-20-102(3).

67. Defendants' statements overshadowed and were inconsistent with the disclosures required by 15 USC § 1692g (a) et seq. and concurrently violated NV. Code 62-20-115(5), which carries its own review of Defendants' privilege license for the collection of debts in NEVADA as they have "Failed to comply with any applicable state or federal law or regulation pertaining to the credit and collection industry." ·

68. Defendants allegedly violated the NEVADA Consumer Protection Act using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (NV. Code 47-18-104).

## FOURTH CAUSE OF ACTION

### INVASION OF PRIVACY BY OCWEN LOAN SERVICING, LLC AND PRISCILLA L. BAKER, ESQ. along with their principals and agents

69. Plaintiff repeats and re-alleges each and every allegation and statement of fact by reference herein all prior paragraphs 1-68.

70. Defendants OCWEN LOAN SERVICING, LLC AND PRISCILLA L. BAKER, ESQ. are "debt collectors" and are strangers to Plaintiff.  Plaintiff has no contractual relationship with defendants OCWEN LOAN SERVICING, LLC AND PRISCILLA L. BAKER, ESQ. and has never applied for credit or services with the defendants.

71. On or around **Aug 08,2005**, Defendants IMPAC & "OCWEN LOAN SERVICING, LLC" illegally obtained Plaintiffs consumer credit report(s). Defendant OCWEN LOAN SERVICING, LLC is not a creditor, therefore the illegal obtaining of Plaintiff's consumer credit reports constitutes a Tort claim for Invasion of Privacy.

72.   Plaintiff's right to privacy is also an enumerated constitutionally protected right, by the State and Federal Constitution. Plaintiff has been damaged in that his proprietary, confidential, and most personal information was unlawfully and illegally breached by Defendants OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, IMPAC, and WESTERN PROGRESSIVE-NEVADA, INC. Importantly! Plaintiff is most concerned that Plaintiff "did not" provide his social security number to any of the Defendants "OCWEN LOAN SERVICING, LLC nor PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC. Plaintiff supports this assertion by factually alleging that Plaintiff has never tendered a credit application to Defendants OCWEN LOAN SERVICING, LLC nor PRISCILLA L. BAKER, ESQ. neither were any services received from same by Plaintiff.

73.   Plaintiff has a right to discovery, to determine wherefrom Defendant, OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., IMPAC, AND PRISCILLA L. BAKER, ESQ. the principals and agents thereof obtained his personal, private information. Specifically, Plaintiff will investigate through discovery where Defendants obtained Plaintiff's social security number and what additional proprietary information was obtained by the defendants illegally and unlawfully, along with how that information was/is being used.

74.   Defendants IMPAC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., OCWEN LOAN SERVICING, LLC AND PRISCILLA L. BAKER, ESQ. along with their principals and agents are also guilty of aggravated identity theft under federal law as enumerated in 18 U.S. Code § 1028A - Aggravated identity theft.

75.   Therefore defendants OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., IMPAC, AND PRISCILLA L. BAKER, ESQ. along with their principals and agents are liable to Plaintiff for actual, punitive, consequential, compensatory damages in an amount to be determined at trial, or by the court.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF TITLE 18, U.S.C., SECTION 245 - FEDERALLY PROTECTED ACTIVITIES

76.   Plaintiff repeats and re-alleges each and every allegation and statement of fact by reference herein all prior paragraphs 1-75.

77.   Defendants PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., OCWEN LOAN SERVICING, LLC AND PRISCILLA L. BAKER, ESQ., and McCarthy & Holthus, LLP along with their principals and agents have worked together and separately to willfully injure, intimidate, interfere with, or attempt to do

so, by force or threat of force upon the Plaintiff because of the Plaintiff's activity as a participant in a Federally funded program and the perception of the Plaintiff as a targetable victim that could be successfully intimidated and forced out of his property through threatening paperwork and fraudulent/colorable legal process. The Defendants were aware or had the reasonable capacity to be aware of the fact that the Plaintiff was involved in. This equates to Civil Rights violations by the Defendants, punishable as such.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF 42 U.S. CODE § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

78.  Plaintiff repeats and re-alleges each and every allegation and statement of fact by reference herein all prior paragraphs 1-77.

1.  Defendants PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., and McCarthy & Holthus, LLP along with their principals and agents have worked together and separately to cause the Plaintiff to be subjected to the deprivation of Liberties and privileges of the Plaintiff which are protected and enumerated by the Nevada Constitution. Among the liberties the Defendants have deprived the Plaintiff of are: **Article 1 Section 17**, which provides that "all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay." The Defendants have worked to use their influence and financial backing to eliminate the Plaintiff's judicial recourse and under color of law steal the land, property goods and ruin the commercial and financial reputation of the Plaintiff.

2.  **Article 1 Section 21,** which provides "That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefore. The Defendants have attempted to demand and take the property of the Plaintiff without the consent of his representatives and without just compensation showing a clear disregard for the Humanity of the Plaintiff and the Great Laws of this land. See Exhibit-B, Exhibit-E, Exhibit-A, Exhibit-F, Affidavit of WESTERN PROGRESSIVE-NEVADA, INC., PHH MORTGAGE CORPORATION Answer of Defendant to Plaintiff's Counterclaim(containing request for possession of Plaintiff's property)

## SEVENTH CAUSE OF ACTION

## VIOLATION OF 42 U.S. CODE § 1985 - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs 1-78.

79. Defendant PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., OCWEN LOAN SERVICING, LLC AND PRISCILLA L. BAKER, ESQ. along with their principals and agents, as a group of two or more, have worked together to conspire to prevent by force, intimidation or threat the Plaintiff from discharging his duty, right and privileges as the General Executor for HAROLD S CORREOS ESTATE. Through the impersonation of authorized representatives through fraud, misfeasance and malfeasance, the Defendants have hindered the administration of Justice for the Plaintiff, depriving the Plaintiff of security in his possessions and property directly or indirectly.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CONTRACT LAW

80. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs 1-79.

81. Defendants OCWEN LOAN SERVICING, LLC AND PRISCILLA L. BAKER, ESQ. along with their principals and agents have induced and produced any and all contracts they allege exist between the Plaintiff and the Defendants through fraud, coercion, misrepresentation and non-disclosure.  Am Jur 2nd, Volume 17 (A) Clause #298, applies. NO IMMUNITIES WILL PROTECT A PERSON WHO ACTS IN BAD FAITH.

82. "All contracts begin with an offer and only become binding upon acceptance." Farnsworth on Contracts 2004 Third Edition (Vol 1). Defendants OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., AND PRISCILLA L. BAKER, ESQ. along with their principals and agents have violated simple contract law by fraudulently trying to enforce and claiming breach of a non-existing contract being there has never been an acceptance by the Plaintiff of any offers presented by the Defendants.

## NINETH CAUSE OF ACTION

## GRAND LARCENY AGAINST THE ESTATE

Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs 1-82.

83.   Defendants OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., and McCarthy & Holthus, LLP along with their principals and agents have willingly and knowingly colluded to unlawfully take from the possession of the Plaintiff the property and constructive possession of the plaintiff's property not limited to the real property known as 1830 Del Font CT, Las Vegas, Nevada [89117-9998].

## RELIEF TO BE GRANTED ADMISSION TO SIMILAR CASE LAW SO ORDERED!

Plaintiff further demands compensation for $1,000 per FDCPA COMPLAINT in counter-complaint paragraph I plus $1,000 per person involved in the Fraud committed against Harold S Correos Estate and be awarded **$3,100,000.00 in Punitive damages for Harassment, Trespassing, and Attempted Theft of Property of HAROLD S CORREOS Estate as well as clear violation of the court order and rules in accordance with the confirmed decision of the 11th Circuit in a similar case titled Reese v. Ellis, Painter & Adams LLP, 678, F. 3d 1211, 1215 (11th Cir. 2012).**

**Proverbs 6:30-31 "People do not despise a thief. If he steals to satisfy himself when he is starving. Yet when he is found, he must restore sevenfold."**

## PRAYER FOR RELIEF

Plaintiff repeats and re-alleges each and every allegation by reference herein all

prior paragraphs 1-83.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.   That Defendants are enjoined from taking further action against Plaintiff during the pendency of this trial;

2.   That the real property be returned unencumbered plus $10,000,000.00 to the Plaintiff as compensatory relief.

3.   That the Defendants, including but not limited to OCWEN LOAN SERVICING, LLC, to return to the rightful owner, that being the Plaintiff, all property and property related interests, payments, rent, fees and deeds etc...he obtained related to the 1830 Del Font CT, Nevada [89117-9998] Property. Pay the Plaintiff the proceeds of any investments, sales, gains, rents, exchanges etc... made from the Defendants' use of the Plaintiff's property, credit, name etc.

4.      That the Defendants, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., OCWEN LOAN SERVICING, LLC, PRISCILLA L. BAKER, ESQ., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq., and any of the Principals and agents thereof applicable, pay the Plaintiff $100,000,000.00 in punitive damages for their constitutional and statutory violations they have knowingly and willingly colluded to viciously carry out to the detriment of this instant Plaintiff and others.

5.      That the Defendants pay the Plaintiff $100,000,000.00 for emotional distress along with the pain and suffering caused by the Defendants, while and after the Plaintiff has had to endure their malicious, fraudulent, and intentionally hurtful actions.

6.      That Defendants issue a public admission and apology via a major media outlet for their actions and misdeeds related to this matter and the emotional and financial distress caused thereby.

7.      That Defendants immediately cease and desist the actions alleged in this matter in all operations and upon all individuals suffering injury; with like for like return of real and personal property where actual property be returned to the rightful owners Pursuant to statutory law.

8.      That Defendants be required to immediately correct and update all applicable negative credit reporting affecting and pertaining to the Plaintiff with receipt/certification of such being provided to Plaintiff upon initiation and completion in accordance with Law.

9.      That the Defendants remove all liens associated with the real and personal property of the Plaintiff including any mortgage liens that may have been applied according.

10.    That the Defendants pay reasonable costs associated with the repair and/or replacement of real and personal property damaged subsequent to the illegal/wrongful foreclosure of the Plaintiff.

11.    That Defendant be required to produce an accounting of all sums due under the alleged breach of contract and purported claims of account according to Law.

12.    For Defendants to prove ownership of mortgage, title, deed, land and all items of substance relating to the property described and discussed in this case.

13.    For an accounting of all consideration allegedly paid by 1) OCWEN LOAN SERVICING, LLC or purported successor(s)/assign(s).

14. For general damages and special damages in an amount to be proven at trial, but not less than $1,000 per complaint and per offender, up to the maximum allowed by law.

15. For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per complaint and per offender, up to the maximum allowable by applicable law.

16. For a judicial declaration, pursuant to applicable law, that Defendants' actions violated FDCPA and NEVADA Consumer Protection Act and other applicable law on and for the record;

17. An award to Plaintiff of any pre-judgment and post-judgment interest as may be allowed under the law

18. That Plaintiff recovers all costs past and present related to this issue and reasonable attorney fees incurred;

19. That Defendants be required to specifically disprove, on and for the record,  all allegations cited herein by Plaintiff in this action;

20. That Defendants be required to produce an accounting of all sums due under the alleged breach of contract and purported claims of account;

21. For an accounting of all consideration allegedly paid by Defendants OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, and WESTERN PROGRESSIVE-NEVADA, INC. or purported successor(s)/assign(s);

22. For general damages and special damages in an amount to be proven at trial, but not less than $1,000 per complaint and per offender, pursuant to 15 USC § 1692k(2)(A).

23. For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per complaint, and per offender, pursuant to 15 USC § 1692k(a)(1);

24. For costs and reasonable attorney's fees pursuant to 15 USC § 1692(k)(a)(3);

25. For a judicial declaration pursuant to NV. Code 47-9-618 that Defendants actions violated FDCPA and NEVADA Consumer Protection Act;

26. For a judgment for damages against Defendants PHH MORTGAGE CORPORATION, OCWEN LOAN SERVICING and WESTERN PROGRESSIVE-NEVADA, INC., et al for actual damages, punitive damages,

and statutory damages of $1,000.00, attorney fees, and costs pursuant to 15 USC §§ 1681(n) and 1681(o);

27.   Sanctions preventing the Defendants: OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., PRISCILLA L. BAKER, ESQ., McCarthy & Holthus, LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz, Esq, Matthew Dayton, Esq,, and any of the Principals and agents thereof from practicing/licensure conducting business in the unlawful form described herein, in the State of NEVADA/NEVADA/NV in the interest of public safety.

28.   For such other and further relief as the Court deems just, equitable and proper.

### VERIFICATION

29.   As witnessed below, I, Executor HAROLD S CORREOS, with full commercial liability affirm under the laws of the United States and under penalty of perjury, that to the best of my knowledge the foregoing, with Exhibits A-S attached hereto is true, correct, complete and not meant to mislead.

### TRIAL BY JURY

30.   Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: _Harold S Correos_

Harold S Correos for HAROLD S CORREOS estate
Libellant/Affiant/*Plaintiff*
1830 Del Font CT
Las Vegas, Nevada "usa" [89117-9998]

Acknowledgment

STATE OF NEVADA
COUNTY OF CLARK

I HEREBY CERTIFY, that on this day, January _8th_, 2021, before me, _SATVIR S. DEOL_, the subscriber, a Notary Public of the State and County aforesaid, personally appeared HAROLD S CORREOS ESTATE, the party herein, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and

acknowledged the foregoing to be his free act and deed, and in my presence signed and sealed the same.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public

SATVIR S. DEOL
Notary Public State of Nevada
No. 17-3622-1
My Appt. Exp. September 21, 2021

Seal

LEGAL NOTICE: I, _SATVIR S. DEOL_ am not an attorney licensed to practice law in the State of Nevada, and I may not give legal advice or accept fees for legal advice.  I have provided no assistance in the preparation of the above referenced documents, without recourse and I have no interest in any issue referenced therein.  I am not a party to this action and I am ONLY acting in an authorized capacity as liaison to communication between parties, without recourse.]

## CERTIFICATE OF CONTENTS AND SERVICE OF PROCESS

I HEREBY CERTIFY that I, Executor Harold S Correos have this day placed a copy of the foregoing civil action, **"Commercial Verified Complaint for Damages" and "Summons,"** in mailing envelopes for service upon legal entities known as OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE-NEVADA, INC., Priscilla L. Baker, Esq., McCarthy & Holthus LLP, Glen Messina, Robert B. Crowl, Gregg S Grant, Michelle D Esterman, Kristin A. Schuler-Hintz Esq, Matthew Dayton Esq, sent via United States Postal Service Certified Mail, with return receipt requested, and regular first class mail with adequate postage affixed to mailing envelopes, for delivery to the following addressees in more detail:

Respectfully submitted this 12th day of January, ➞ 2021,

Without recourse,

By: _____

Executor HAROLD S CORREOS, Consumer, Nevada state
Private Executor, *Plaintiff*

**OCWEN FINANCIAL CORP.** Glen A. Messina CEO 1661 Worthington Rd Suite100 West Palm Beach, FL 33409
**Western Progressive-Nevada Inc.** Gregg S. Grant, James A. Weld 112 North Curry Street Carson City, Nevada 89703
**PHH MORTGAGE CORP.** Robert B. Crowl CEO 3000 Leadenhall Rd. Mt. Laurel Township, New Jersey 08054-4606
**McCarthy & Holthus LLP** Kristin A. Schuler-Hintz esq. 9510 W. Sahara Ave Suite 200 Las Vegas, Nevada 89117
**McCarthy & Holthus LLP** Matthew D. Dayton esq. 9510 W. Sahara Ave Suite 200 Las Vegas, Nevada 89117
**McCarthy & Holthus LLP** Priscilla L. Baker esq. 9510 W. Sahara Ave Suite 200 Las Vegas, Nevada 89117

## Catalog of Exhibits

- **Exhibit A:** NOTICE OF TRUSTEE SALE #20201113-0000672
- **Exhibit B:** Grant, Bargain, Sale Deed Inst #20021120 00487
- **Exhibit C:** Notice of Nonsuit and Order of Dismissal
- **Exhibit D:**
- **Exhibit E:** DEED OF TRUST #20050414 0003789
- **Exhibit F:** NOTICE OF TRUSTEE SALE #20180510-0000211
- **Exhibit G:** POA Power of Attorney date: 06Sep2013
- **Exhibit H:** OCWEN Delinquency Notice #20200214-0000185
- **Exhibit I:** Notice of Default and Cease and Desist
- **Exhibit J:** Second Request for Documentation and Proof of Claim
- **Exhibit K:** Defendant to Plaintiff's Counterclaim, Debt Validation
- **Exhibit L:** Western Delinquency Notice #20170328-0001977
- **Exhibit M:**
- **Exhibit N:** GMAC/PHH ACCT Statement/Negative Credit Reporting
- **Exhibit O:** Affidavit of Certification of Documents Pursuant to Nevada Foreclosure Mediation Rule 13(7)
- **Exhibit P:**
- **Exhibit Q:** Affidavit of truth and fact
- **Exhibit R:** Notice of Assignment, Sale, or Transfer of Servicing Rights
- **Exhibit S:** Delinquency Notice #20150929-0003063

TS No.: 2015-00998-NV

APN: 163-03-712-010

Western Progressive - Nevada, Inc.
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

T.S. No.: 2015-00998-NV

Inst #: 20201113-0000672
Fees: $42.00
11/13/2020 07:26:21 AM
Receipt #: 4289613
Requestor:
Premium Title TSG
Recorded By: ANI   Pgs: 5
**Debbie Conway**
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD



A
Exhibit
1 of 5
pgs. 7,10-11,19-20,
30

The undersigned hereby affirms that there is no Social Security number contained in this document.

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 04/04/2005.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**Western Progressive - Nevada, Inc.**, as duly appointed trustee under and pursuant to the Deed of Trust recorded **04/14/2005**, as Inst. No. **20050414-0003789**, in book —, page —, of Official Records in the office of the County Recorder of Clark County, Nevada executed by: **Harold S. Correos And Rosemarie Correos, Husband and Wife, as Community Property**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK:

**Place of Sale: NLN, 930 S. 4th Street, Las Vegas, NV 89101**

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

PARCEL I:

LOT SIX (6) OF DEL SOL ESTATES, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 45 OF PLATS, PAGE 12 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, AND AS AMENDED BY CERTIFICATE OF AMENDMENT RECORDED SEPTEMBER 26, 1990 IN BOOK 900926 AS DOCUMENT NO. 00916 AND

Version 1.1 NV NOS 0417                                                   Page 1 of 5



93148:001:701050209:54



TS No.: 2015-00998-NV

RECORDED MAY 9, 1991 IN BOOK 910509 AS DOCUMENT NO. 00566.

PARCEL I-A:

TOGETHER WITH A PARCEL OF LAND SITUATE IN A PORTION OF NORTHEAST QUARTER (NE 1/4) OF THE SOUTHEAST QUARTER (SE 1/4) OF SECTION 3, TOWNSHIP 21 SOUTH, RANGE 60 EAST, M.D.M., CITY OF LAS VEGAS, CLARK COUNTY, NEVADA, BEING A PORTION OF LOT 2 OF THE PARCEL MAP RECORDED IN FILE 68, PAGE 59 OF PARCEL MAPS, OFFICIAL RECORDS OF CLARK COUNTY, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE EAST QUARTER (E 1/4) CORNER OF SAID SECTION 3 AND ALONG THE CENTERLINE OF EAST OAKEY BOULEVARD, SOUTH 88°55'00" WEST, A DISTANCE OF 337.85 FEET; THENCE LEAVING SAID LINE, SOUTH 02°35'35" EAST, A DISTANCE OF 184.06 FEET TO THE POINT OF BEGINNING; THENCE NORTH 88°55'00" EAST, A DISTANCE OF 0.15 FEET; THENCE SOUTH 02°39'02" EAST, A DISTANCE OF 45.68 FEET; THENCE SOUTH 87°24'25" WEST, A DISTANCE OF 0.19 FEET; THENCE NORTH 02°35'35" WEST, A DISTANCE OF 56.09 FEET TO THE POINT OF BEGINNING. RESERVING THEREFROM AN EASEMENT FOR INGRESS AND EGRESS AND UTILITIES OVER AND ACROSS THAT PORTION OF LOTS 1 THROUGH 3 AND 5 THROUGH 9 OF SAID SUBDIVISION DESIGNATED AS "DEL FONT COURT".

PARCEL I-B:

A PORTION OF GOVERNMENT LOT SIXTY-NINE (69) IN THE NORTHEAST QUARTER (NE 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF SECTION 3, TOWNSHIP 21 SOUTH, RANGE 60 EAST, M.D.B. & M., BEING A PORTION OF LOT ONE (1) AS SHOWN BY MAP THEREOF ON FILE IN FILE 68 OF PARCEL MAPS, PAGE 59, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA, MORE PARTICULARLY DESCRIBED AS:

THAT PORTION AS SHOWN IN THAT CERTAIN BOUNDARY LINE ADJUSTMENT AS SHOWN BY MAP THEREOF ON FILE IN FILE 63 OF SURVEYS, PAGE 19, BEING DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID LOT ONE (1) AS SHOWN BY MAP THEREOF ON FILE IN FILE 68 OF PARCEL MAPS, PAGE 59, THENCE NORTH 88°55'00" EAST, A DISTANCE OF 0.26 FEET; THENCE SOUTH 02°33'00" EAST, A DISTANCE OF 144.05 FEET; THENCE SOUTH 88°55'00" WEST A DISTANCE OF 0.15 FEET TO THE SOUTHWEST CORNER OF SAID LOT ONE (1); THENCE NORTH 00°35'35" A DISTANCE OF 144.05 FEET TO THE POINT OF BEGINNING.



TS No.: 2015-00998-NV

PARCEL II:

AN EASEMENT FOR INGRESS AND EGRESS AND UTILITIES OVER AND ACROSS THAT PORTION OF LOT 4 OF SAID SUBDIVISION DESIGNATED AS "DEL FONT COURT".

EXCEPTING FROM PARCELS I AND II ABOVE ALL MINERAL RIGHTS AS RESERVED IN THE PATENT FROM THE UNITED STATES OF AMERICA, RECORDED JANUARY 23, 1973 AS DOCUMENT NO. 255406, OFFICIAL RECORDS.





Exhibit
4 of 5

TS No.: 2015-00998-NV

## NOTICE OF TRUSTEE'S SALE

The street address and other common designation, if any, of the real property described above is purported to be:
1830 Del Font Court, Las Vegas, NV 89117

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

Date of Sale: 01/22/2021 at 10:00 AM

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale. This property is sold as-is, the beneficiary and undersigned Trustee are unable to validate the condition, defects or disclosure issues of said property and Buyer waives the disclosure requirements under NRS 113.130 by purchasing at this sale and signing a receipt in connection therewith. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: $552,077.42.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt.

A
Exhibit
5 of 5

TS No.: 2015-00998-NV

# NOTICE OF TRUSTEE'S SALE

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure and due to the continuing default on the loan obligation, the beneficiary under said Deed of Trust has authorized the undersigned Trustee to proceed with a trustee's sale.

Date: November 12, 2020

Western Progressive - Nevada, Inc., as Trustee for beneficiary
Northpark Town Center
1000 Abernathy Rd NE, Bldg 400, Suite 200
Atlanta, GA 30328
Sale Information Line: (866) 960-8299
http://www.altisource.com/MortgageServices/Defaul
tManagement/TrusteeServices.aspx

Glenda Hamilton, Trustee Sale Assistant

State of GA) ss
County of Fulton}

On November 12, 2020, before me, Iman Walcott, Personally appeared Glenda Hamilton, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)
Iman Walcott



Version 1.1 NV NOS 0417

Page 5 of 5



20030910
.02167      20021120
.00487

Nov 18 2002

## RE-RECORDING TO CORRECT LEGAL DESCRIPTION

Affix R.P.T.T.. $  ~~770.00~~  EVP 3         A.P.N.  163-03-712-010

Escrow No.  11824-JS

B

Exhibit
1 of 2
pgs. 6, 10, 13, 30

# GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: That   ARTHUR F. HALLORAN, JR., an unmarried man

FOR A VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and

Convey to   HAROLD S. CORREOS and ROSEMARIE CORREOS, husband and wife, as Joint Tenants

all that real property situated in the                                       County of   CLARK

State of Nevada, bounded and described as follows:

SEE LEGAL DESCRIPTION EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.

SUBJECT TO:   1.  Taxes for the fiscal year   2002  and   2003 .

2.  Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATE:   November 14, 2002                        _Arthur F. Halloran Jr._
                                                ARTHUR F. HALLORAN, JR.

STATE OF NEVADA        }
                       } SS.
COUNTY OF   CLARK      }

On   November 18, 2002
personally appeared before me, a Notary Public,

ARTHUR F. HALLORAN, JR.

personally known (or proved) to me to be the person whose name is
subscribed to the above instrument who acknowledged that __he__
executed the instrument.

Signature _Judy Spann_
           (Notary Public)

(NOTARIAL SEAL)

JUDY SPANN
Notary Public - Nevada
No 92-2100-1
My appt exp June 6, 2004

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:
M/M HAROLD S. CORREOS
1830 DEL FONT COURT
LAS VEGAS, NV.  89117
MAIL TAX STATEMENTS TO ABOVE ADDRESS

20030910
.02167

Order No. 02-00-907326-TO



B

Exhibit
2 of 2

# EXHIBIT "ONE"

**Parcel I:**

Lot Six (6) of Del Sol Estates, as shown by map thereof on file in Book 45 of Plats, Page 12 in the Office of the County Recorder of Clark County, Nevada, and as amended by Certificate of Amendment recorded September 26, 1990 in Book 900926 as Document No. 00916 and recorded May 9, 1991 in Book 910509 as Document No. 00566.

**Parcel I-A:**

TOGETHER WITH a parcel of land situate in a portion of Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) of Section 3, Township 21 South, Range 60 East, M.D.M., City of Las Vegas, Clark County, Nevada, being a portion of Lot 2 of the Parcel Map recorded in File 68, Page 59 of Parcel Maps, Official Records of Clark County, more particularly described as follows:

Commencing at the East Quarter (E 1/4) corner of said Section 3 and along the centerline of East Oakey Boulevard, South 88°55'00" West, a distance of 337.85 feet; thence leaving said line, South 02°35'35" East, a distance of 184.06 feet to the Point of Beginning; thence North 88°55'00" East, a distance of 0.15 feet; thence South 02°39'02" East, a distance of 45.68 feet; thence South 87°24'25" West, a distance of 0.19 feet; thence North 02°35'35" West, a distance of 56.09 feet to the Point of Beginning.

Reserving Therefrom an easement for ingress and egress and utilities over and across that portion of Lots 1 through 3 and 5 through 9 of said subdivision designated as "Del Font Court".

**Parcel I-B:**

A portion of Government Lot Sixty-nine (69) in the Northeast Quarter (NE 1/4) of the Southwest Quarter (SW 1/4) of Section 3, Township 21 South, Range 60 East, M.D.B. & M., being a portion of Lot One (1) as shown by map thereof on file in File 68 of Parcel Maps, Page 59, in the Office of the County Recorder, Clark County, Nevada, more particularly described as:

That portion as shown in that certain Boundary Line Adjustment as shown by map thereof on file in File 63 of Surveys, Page 19, being described as follows:

Beginning at the Northwest Corner of said Lot One (1) as shown by map thereof on file in File 68 of Parcel Maps, Page 59, thence North 88°55'00" East, a distance of 0.26 feet; thence South 02°33'00" East, a distance of 144.05 feet; thence South 88°55'00" West, a distance of 0.15 feet to the Southwest Corner of said Lot One (1); thence North 00°35'35" a distance of 144.05 feet to the Point of Beginning.

**Parcel II:**

An easement for ingress and egress and utilities over and across that portion of Lot 4 of said subdivision designated as "Del Font Court".

Excepting from Parcels I and II above all mineral rights as reserved in the Patent from the United States of America, recorded January 23, 1973 as Document No. 255406, Official Records.

**Assessor's Parcel No: 163-03-712-010**

2



Exhibit C 1 of 2
pg. 11

Location : District Court Civil/Criminal

Register of Actions

Case No. A-20-811934-FM

**Harold Correos, Petitioner(s) vs. Western Progressive, Respondent(s)**

| | | |
|---|---|---|
| § | **Case Type:** | Petition for Foreclosure Mediation Assistance |
| § | | |
| § | **Date Filed:** | 03/09/2020 |
| § | **Location:** | Department 7 |
| § | | |
| § | **Cross-Reference Case Number:** | A811934 |

**Party Information**

| | | Lead Attorneys |
|---|---|---|
| **Agency** | Home Means Nevada | |
| **Petitioner** | Correos, Harold | Pro Se |
| **Respondent** | Western Progressive | |

**Events & Orders of the Court**

| 1 | c/o Del Font Court one-eight-three-zero Las Vegas, Nevada [89117] |
|---|---|

Exhibit **C** 2 of 2

**DISPOSITIONS**

09/28/2020 | **Order of Dismissal (Judicial Officer: Bell, Linda Marie)**

Debtors: Western Progressive (Respondent), PHH Mortgage Services (Respondent), Ocwen Loan Servicing LLC (Respondent)

Creditors: Harold Correos (Petitioner)

Judgment: 09/28/2020, Docketed: 09/29/2020

**OTHER EVENTS AND HEARINGS**

03/09/2020 | **Petition for Foreclosure Mediation Assistance**

*Petition for Foreclosure Mediation Assistance*

06/01/2020 | **Initial Appearance Fee Disclosure**

*Initial Appearance Fee Disclosure*

06/01/2020 | **Answer**

*Answer to Petition for Mediation Assistance*

06/22/2020 | **Assignment of Mediator**

*Assignment of Mediator*

07/09/2020 | **Mediation Scheduling Notice**

*Foreclosure Mediation Scheduling Notice - CORREOS*

2 | c/o Del Font Court one-eight-three-zero Las Vegas, Nevada [89117]



E Exhibit

pgs. 6,7,30

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
20050414-0003789

45

Assessor's Parcel Number: 163-03-712-010

Recording Requested By:

Fidelity National Title Agency of Nevada, Inc.
500 N. Rainbow Blvd , Suite 100
Las Vegas, NV 89107

Certified True Copy of Original

And When Recorded Return To:
ALLIANCE BANCORP
91 WESTBOROUGH BOULEVARD
SOUTH SAN FRANCISCO, CALIFORNIA 94080
Loan Number: 93802

Fee: $38.00
N/C Fee: $25.00

04/14/2005              14:16:17
T20050068100
Requestor:
  FIDELITY NATIONAL TITLE
Frances Deane            CAE
Clark County Recorder    Pgs: 25

05-1326407S        [Space Above This Line For Recording Data]    130094897  0359167683

C25

## DEED OF TRUST

MIN: 1000393-0200593802-5

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated   APRIL 4, 2005        , together with all Riders to this document.
(B)  "Borrower" is HAROLD S. CORREOS AND ROSEMARIE CORREOS, HUSBAND AND WIFE, AS JOINT TENANTS COMMUNITY PROPERTY HC
ROC

Borrower is the trustor under this Security Instrument.
(C)  "Lender" is ALLIANCE BANCORP

Lender is a   CALIFORNIA CORPORATION                                    organized
and existing under the laws of  CALIFORNIA
Lender's address is 91 WESTBOROUGH BOULEVARD, SOUTH SAN FRANCISCO, CALIFORNIA 94080

(D)  "Trustee" is FIDELITY NATIONAL TITLE
6655 WEST SAHARA, SUITE A110, LAS VEGAS, NEVADA 89146

(E)  "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F)  "Note" means the promissory note signed by Borrower and dated  APRIL 4, 2005

**F**

Exhibit
1 of 5
pgs - 7, 11, 13, 20, 30

Inst #: 20180510-0000211
Fees: $40.00
05/10/2018 08:06:52 AM
Receipt #: 3398110
Requestor:
PREMIUM TITLE TSG
Recorded By: BGN   Pgs: 5
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

TS No.: 2015-00998-NV

APN: 163-03-712-010

**Western Progressive - Nevada, Inc.**
**Northpark Town Center**
**1000 Abernathy Rd NE; Bldg 400, Suite 200**
**Atlanta, GA 30328**

T.S. No.: 2015-00998-NV

**The undersigned hereby affirms that there is no Social Security number contained in this document.**

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 04/04/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**Western Progressive - Nevada, Inc.,** as duly appointed trustee under and pursuant to the Deed of Trust recorded **04/14/2005,** as Inst. No. **20050414-0003789,** in book ---, page ---, of Official Records in the office of the County Recorder of Clark County, Nevada executed by: **Harold S. Correos And Rosemarie Correos, Husband And Wife As Community Property**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK:

Place of Sale: Nevada Legal News 930 S. 4th Street, Las Vegas, NV 89101

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

Parcel I:
Lot Six (6) of Del Sol Estates, as shown by map thereof on file in Book 45 of Plats, Page 12 in the Office of the County Recorder of Clark County, Nevada, and as amended by Certificate of Amendment recorded September 26, 1990 in Book 900926 as Document No. 00916 and recorded May 9, 1991 in Book 910509 as Document No. 00566.

Parcel I-A:
TOGETHER WITH a parcel of land situate in a portion of Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) of Section 3, Township 21 South, Range 60 East, M.D.M., City of

Version 1.1 NV NOS 0417

Page 1 of 5





TS No.: 2015-00998-NV

Las Vegas, Clark County, Nevada, being a portion of Lot 2 of the Parcel Map recorded in File 68, Page 59 of Parcel Maps, Official Records of Clark County, more particularly described as follows:

Commencing at the East Quarter (E 1/4) corner of said Section 3 and along the centerline of East Oakey Boulevard, South 88°55'00" West, a distance of 337.85 feet; thence leaving said line, South 02°35'35" East, a distance of 184.06 feet to the Point of Beginning; thence North 88°55'00" East, a distance of 0.15 feet; thence South 02°39'02" East, a distance of 45.68 feet; thence South 87°24'25" West, a distance of 0.19 feet; thence North 02°35'35" West, a distance of 56.09 feet to the Point of Beginning.
Reserving Therefrom an easement for ingress and egress and utilities over and across that portion of Lots 1 through 3 and 5 through 9 of said subdivision designated as "Del Font Court".

Parcel I-B:
A portion of Government Lot Sixty-nine (69) in the Northeast Quarter (NE 1/4) of the Southwest Quarter (SW 1/4) of Section 3, Township 21 South, Range 60 East, M.D.B. & M., being a portion of Lot One (1) as shown by map thereof on file in File 68 of Parcel Maps, Page 59, in the Office of the County Recorder, Clark County, Nevada, more particularly described as:

That portion as shown in that certain Boundary Line Adjustment as shown by map thereof on file in File 63 of Surveys, Page 19, being described as follows:

Beginning at the Northwest Corner of said Lot One (1) as shown by map thereof on file in File 68 of Parcel Maps, Page 59, thence North 88°55'00" East, a distance of 0.26 feet; thence South 02°33'00" East, a distance of 144.05 feet; thence South 88°55'00" West a distance of 0.15 feet to the Southwest Corner of said Lot One (1); thence North 00°35'35" a distance of 144.05 feet to the Point of Beginning.
Parcel II:
An easement for ingress and egress and utilities over and across that portion of Lot 4 of said subdivision designated as "Del Font Court".
Excepting from Parcels I and II above all mineral rights as reserved in the Patent from the United States of America, recorded January 23, 1973 as Document No. 255406, Official Records.

# NOTICE OF TRUSTEE'S SALE

The street address and other common designation, if any, of the real property described above is purported to be:
1830 Del Font Court, Las Vegas, NV 89117

Version 1.1 NV NOS 0417

F
Exhibit
3 of 5

TS No.: 2015-00998-NV

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

Date of Sale: **06/18/2018** at **10:00 AM**

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale. This property is sold as-is, the beneficiary and undersigned Trustee are unable to validate the condition, defects or disclosure issues of said property and Buyer waives the disclosure requirements under NRS 113.130 by purchasing at this sale and signing a receipt in connection therewith.  The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$ 497,924.62.**

Version 1.1 NV NOS 0417

F
Exhibit
4 of 5

TS No.: 2015-00998-NV

## NOTICE OF TRUSTEE'S SALE

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.

**Note:** Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt.

F
Exhibit
5 of 5

TS No.: 2015-00998-NV

# NOTICE OF TRUSTEE'S SALE

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure and due to the continuing default on the loan obligation, the beneficiary under said Deed of Trust has authorized the undersigned Trustee to proceed with a trustee's sale.

Date: May 7, 2018

Western Progressive - Nevada, Inc., as Trustee for beneficiary
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328
Sale Information Line:  (866) 960-8299
http://www.altisource.com/MortgageServices/DefaultManagem ent/TrusteeServices.aspx

_____
                                    Trustee Sale Assistant

**State of GA }ss**
**County of Fulton}**

**On May 7, 2018** before me, _____, Notary Public, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Version 1.1 NV NOS 0417

After recording return to:



G
Exhibit
pg. 6

Ocwen Loan Servicing, LLC
5720 Premier Park Drive, Bldg. 3
West Palm Beach, FL 33407

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

### LIMITED POWER OF ATTORNEY

3050

IMPAC FUNDING CORPORATION, ("Impac") located at 19500 Jamboree Road, Irvine, CA  92612, having been appointed by Deutsche Bank National Trust Company ("Trustee"), as its attorney-in-fact, solely in its capacity as Master Servicer under the Pooling and Servicing Agreements identified in Exhibit A ("Agreements"), hereby constitutes and appoints OCWEN LOAN SERVICING, LLC as its true and lawful attorney-in-fact, acting by and through its duly authorized officers, with full authority and power on behalf of the Trustee and Impac to perform the following actions and execute and deliver any and all of the following instruments to the extent consistent with the terms and conditions of the Agreements and OCWEN LOAN SERVICING, LLC related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of the Trustee or any beneficiaries of the Agreements:

1.   Transact business of any kind regarding the loans subject to the Agreements ("Loans"), and obtain an interest therein and/or buildings thereon, to contract for, purchase, receive and take possession and evidence of title in and to the property and/or secure payment of a promissory note or performance of any obligation or agreement.

2.   Execute notes, mortgages, deeds of trust and other contracts, agreements (including subordination agreements) and related instruments regarding the borrowers obligated on the Loans and/or property securing the Loans, including but not limited to the execution of releases, satisfactions, assignments, and other similar instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying property.

OCWEN LOAN SERVICING, LLC agrees to defend, indemnify, and hold harmless Impac and its officers, directors, and employees against any and all losses, claims, damages, liabilities, judgments, costs, fees, attorney's fees, and expenses of any kind or nature whatsoever arising out of or in any way relating to any action or alleged action undertaken by OCWEN LOAN SERVICING LLC pursuant to this Limited Power of Attorney.

The Limited Power of Attorney is effective as of the date below and shall remain in full force and effect until revoked in writing by the undersigned or another officer of Impac or termination of the Agreement, whichever is earlier.

Witness my hand and seal this 6TH day of SEPTEMBER, 2013.

Witness Signature    JOHN BARLAS

Witness Signature    DAVID A. UPTON

IMPAC FUNDING CORPORATION

By: _____

Title: STEVE YAMAMOTO - VICE PRESIDENT

STATE OF CALIFORNIA

COUNTY OF ORANGE

On SEPTEMBER 6, 2013 before me, MICHAEL HUTSON   Notary Public, personally appeared STEVE YAMAMOTO   who proved to me on the basis of satisfactory evidence to be the person who name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

MICHAEL HUTSON
Commission # 1976899
Notary Public - California
Orange County
My Comm. Expires Feb 2, 2014

Signature of Notary Public

MICHAEL HUTSON - NOTARY PUBLIC

Exhibit **H**

1 of 8
pg. 19

Inst #: 20200214-0000185
Fees: $292.00
02/14/2020 08:02:36 AM
Receipt #: 3989084
Requestor:
PREMIUM TITLE TSG
Recorded By: MIDO   Pgs: 8
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

T5         00998-NV

APN: 163-03-712-010

WHEN RECORDED MAIL TO:
Western Progressive - Nevada, Inc.
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

TS No.: 2015-00998-NV
TSG Order No: TSG1910-NV-3601104

The undersigned hereby affirms that there is no Social Security number contained in this document.

## NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property, if the property is owner-occupied. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by you creditor.

Version 1.1 NV NOD 0219



TS No.: 2015-00998-NV

### NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
### UNDER THE DEED OF TRUST

**NOTICE IS HEREBY GIVEN THAT: WESTERN PROGRESSIVE - NEVADA, INC.** is the duly appointed Trustee under a Deed of Trust dated **04/04/2005**, executed by **Harold S. Correos And Rosemarie Correos, Husband And Wife As Community Property,** as trustor in favor of **Alliance Bancorp,** as Lender, **Mortgage Electronic Registration Systems, Inc.,** as **Beneficiary**, recorded **04/14/2005**, under instrument no. **20050414-0003789,** in book —, page —, of Official Records in the office of the County recorder of **Clark,** County, Nevada describing land therein as:

COMPLETELY DESCRIBED IN SAID DEED OF TRUST

Securing, among other obligations, one Note for the Original sum of **$ 377,000.00,** that the beneficial interest under such Deed of Trust and the obligations secured hereby are presently held by the Beneficiary; that a breach of and default in the obligations for which such Deed of Trust is security has occurred or that payment has not been made of:

**Installment of Principal and Interest plus impounds and/or advances which became due on 10/01/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**
**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.**
**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**
**Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents..**

The street address and other common designation, if any, of the real property described above is purported to be: **1830 Del Font Court, Las Vegas, NV 89117**

That by reason thereof the present Beneficiary under such Deed of Trust has executed and delivered to said duly appointed Trustee a written request to commence foreclosure and has deposited with said duly appointed Trustee a copy of such Deed of Trust and documents evidencing the obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**NOTICE**
You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occurred. Where reinstatement is possible, if the default is not cured within the statutory period set forth in NRS Section 107.080, the right of reinstatement will terminate and the property may thereafter be sold.

TS No.: 2015-00998-NV



H
Exhibit
3 of 8

# NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
# UNDER THE DEED OF TRUST

**To determine if reinstatement is possible and the amount, if any, to cure the default, contact:**

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5
C/O PHH Mortgage Corporation
1 Mortgage Way,
Mt. Laurel, NJ 08054
Phone: 877-744-2506

If you are the Trustor and wish to contact a representative of the Beneficiary to discuss foreclosure prevention alternatives, please contact: 877-744-2506

For foreclosure status, please contact: Western Progressive - Nevada, Inc., Northpark Town Center 1000 Abernathy Rd NE; Bldg 400, Suite 200 Atlanta, GA 30328, (866)-960-8299

TS No.: 2015-00998-NV



H
Exhibit
4 of 8

## NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency that may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to Nevada Senate Bill 321, Section 11(5), to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more have passed since these due diligence efforts were satisfied.**

"See Attached Declaration"

**Dated: February 11, 2020**

Western Progressive - Nevada, Inc., as Trustee for beneficiary

By: _____
Iman Walcott, Trustee Sale Assistant

WESTERN PROGRESSIVE – NEVADA, INC. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

State of Georgia }ss
County of Fulton}

On **February 11, 2020** before me, Stephanie Spurlock, Notary Public, personally appeared Iman Walcott, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)
Stephanie Spurlock

*Stephanie Spurlock*
*My Commission Expires*
*Notary Public*
*March 14, 2021*
*Cobb County, Georgia*

Version 1.1 NV NOD 0219



# Declaration of Mortgage Servicer Pursuant to Nevada Senate Bill 321, Section 11(6)

Borrower(s): Harold Correos and Rosemarie O Correos
Mortgage Servicer: Ocwen Loan Servicing, LLC as Servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5
Loan No.:

The undersigned, as an authorized agent or employee of the mortgage servicer named above, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to Nevada Senate Bill 321, Section 11(2), to "assess the borrower's financial situation and to explore options for the borrower to avoid a foreclosure sale". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☒ The mortgage servicer has exercised due diligence to contact the borrower pursuant to Nevada Senate Bill 321, Section 11(5), to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to Nevada Senate Bill 321, Section 3.

4. ☐ No contact was required because the requirements of Nevada Senate Bill 321, Sections 2-16, inclusive, do not apply because the loan is not a "residential mortgage loan" because it is not primarily for personal, family or household use or is not secured by a mortgage or deed of trust on owner-occupied housing as defined in NRS 107.086 pursuant to Nevada Senate Bill 321, Section 7.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated:  12/4/14

By: _Matthew Owens_

Contract Management Coordinator

29161

TS No.: 2015-00998-NV

**H**
Exhibit
6 of 8

# AFFIDAVIT OF AUTHORITY TO EXERCISE THE POWER OF SALE

Record Title Holder:

OR

Trustee Name and Address:
Western Progressive Nevada Inc
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400,
Suite 200, Atlanta, GA 30328

Borrower(s):
**HAROLD S. CORREOS AND ROSEMARIE
CORREOS**

Property Address:
**1830 Del Font Court, Las Vegas, NV 89117**

Deed of Trust Document:
Instrument No.: 20050414-0003789

STATE OF _Florida_ )
COUNTY OF _Palm Beach_ ) ss

The affiant, _____Kristin Frontera_____, being first duly sworn upon oath and under
penalty of perjury, attests as follows:

1. I am an _____Contract Management Coordinator_____ of Ocwen Loan Servicing, LLC. I am duly authorized to make this Affidavit
on behalf of Ocwen Loan Servicing, LLC as servicer for **DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS
CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5** in its capacity as the current
beneficiary of the subject Deed of Trust ("Beneficiary") or the Servicer for the current beneficiary of the Deed
of Trust.

2. I have the personal knowledge required to execute this Affidavit from my review of the business records of
the beneficiary, the successor in interest of the beneficiary or the servicer of the obligation or debt secured by
the deed of trust, my review of the records of the recorder of the county in which the property is located, and/or
title guaranty or title insurance issued by a title insurer or title agent authorized to do business in this State. I can
confirm the accuracy of the information set forth herein. If sworn as a witness, I could competently testify to the
facts contained herein.

3. In the regular and ordinary course of business, it is **Ocwen Loan Servicing, LLC**'s practice to make, collect,
and maintain business records and documents related to any loan it originates, funds, purchases and/or services,
including the Subject Loan (collectively, "Business Records"). I have continuing access to the Business Records
for the Subject Loan, and I am familiar with the Business Records and I have personally reviewed the business
records relied upon to compile this Affidavit.

Version 1.1 NV AOA 0515

TS No.: 2015-00998-NV

Exhibit H
7 of 8

**4. The full name and business address of the current trustee or the current trustee's representative or assignee is:**

| Western Progressive Nevada Inc | Northpark Town Center<br>1000 Abernathy Rd NE; Bldg 400, Suite 200<br>Atlanta, GA 30328 |

**5. The full name and business address of the current holder of the note secured by the Deed of Trust is:**

| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5 | c/o Ocwen Loan Servicing, LLC<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |

**6. The full name and business address of the current beneficiary of record of the Deed of Trust is:**

| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5 | c/o Ocwen Loan Servicing, LLC<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |

**7. The full name and business address of the current servicer of the obligation or debt secured by the Deed of Trust is:**

| Ocwen Loan Servicing, LLC | 1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |

8. The beneficiary, its successor in interest, or the trustee of the Deed of Trust has actual or constructive possession of the note secured by the Deed of Trust and is entitled to enforce the obligation or debt secured by the Deed of Trust.

9. The beneficiary, its successor in interest, the trustee, the servicer of the obligation or debt secured by the Deed of Trust, or an attorney representing any of those persons, has sent to the obligor or borrower of the obligation or debt secured by the Deed of Trust a written statement containing the following information (I) the amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the underlying obligation or debt, as of the date of the statement; (II) the amount in default; (III) the principal amount of the obligation or debt secured by the Deed of Trust; (IV) the amount of accrued interest and late charges; (V) a good faith estimate of all fees imposed in connection with the exercise of the power of sale; and (VI) contact information for obtaining the most current amounts due and a local or toll free telephone number where the obligor or borrower of the obligation or debt may call to receive the most current amounts due and a recitation of the information contained in this Affidavit.

10. The borrower or obligor may utilize the following toll-free or local telephone number to inquire about the default, obtain the most current amounts due, and receive a recitation of the information contained in this Affidavit: 1-800-746-2936.

Version 1.1 NV AOA 0515

Exhibit H
8 of 8



TS No.: 2015-00998-NV

11. Pursuant to my review of the business records of the beneficiary, the successor in interest of the beneficiary, and/or the business records of the servicer of the obligation or debt secured by the Deed of Trust; and/or the records of the county recorder where the subject real property is located; and/or the title guaranty or title insurance issued by a title insurer or title agent authorized to do business in the state of Nevada, the following is the (I) date, (II) recordation number (or other unique designation); and (III) assignee of each recorded assignment of the subject Deed of Trust:

December 15, 2009,
Instrument No. 200912150002170
From: Mortgage Electronic Registration Systems, Inc., solely as nominee for Alliance Bancorp.
To: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5

Affiant Signature: _____   Date: 9/8/15
Print Name: Kristin Frontera
Title: Contract Management Coordinator
Ocwen Loan Servicing, LLC, servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged and sworn before me this ____ 8 day of ____ 9 ____, year of 2015 by Kristin Frontera as Contract Management Coordinator of Ocwen Loan Servicing, LLC, who is personally known to me or has produced _____ as identification.

_____
Notary Public - State of Florida
My Commission Expires: ____

Version 1.1 NV AOA 0515

Notary Public State of Florida
A Ramos
My Commission FF 903859
Expires 07/27/2019

A Ramos

## HAROLD SALADAR CORREOS
c/o1830 Del Font Court Las Vegas, Nevada [89117]  11Sep2020



Exhibit I

pg. 9

**PHH Mortgage Services** PO Box 5452 Mt. Laurel, NJ 08054-5452
**McCarthy & Holthus LLP** 9510 w. Sahara Ave Suite 200 Las Vegas, NV 89117  702.685.0329

In reference to: **Letter dated July 24, & August 6 & 20, 2020**

## Notice of Default and Cease and Desist

Attention:
**PHH Mortgage Services** *Loan Servicing*, **McCarthy & Holthus LLP** *Matthew & Kristin*

Thank you for your recent response to my qualified written request for proof of claim. Your copies of the Instruments are 100% duplicates of a Security, potentially Counterfeit and not what I had asked for as required by law and I am hereby notifying you that you have exhausted your Administrative remedy.

By your inability and un-willingness to stipulate that you are:

a) A Note Holder in Due Course
b) A Creditor of the Instrument and have not provided GAAP book entry debit evidence of the transaction or FinCen-114a as owner of account.
c) A wet ink signature original Note as required by law

You have violated the requirements of TILA, Security Exchange Commission for Securities Fraud and by your actions provide prima facie evidence that you are attempting to collect an allege debt on the basis of fraud.

I issue this **"Notice of Default, Cease and Desist"**, and a new Deed of Trust on this property maybe filed with the Clark County Recorder's Office.

You no longer have any claim over my property, you are hereby ordered to **Cease and Desist.** You have 3 days to contest this Notice or forever release your claim.

Respectfully,
Harold Saladar Correos et al.
usps7013 3020 0000 8309 6103, 7015 1520 0003 0440 0503

By: _Lad Sabader Com_ ©
For: HAROLD SALADAR CORREOS  without recourse

1



**HAROLD CORREOS**
1830 Del Font Court Las Vegas, Nevada 89117  18Aug2020

J
Exhibit
1 of 2
pg. 9

**McCarthy & Holthus LLP**
9510 w. Sahara Ave Suite 200
Las Vegas, NV 89117  702.685.0329

In reference to:  **Letter dated August 6, 2020**

## THIS IS A LEGAL NOTICE

**NOTICE: THIS DOCUMENT IS NOT INTENDED TO THREATEN, HARASS, HINDER OR OBSTRUCT ANY LAWFUL OPERATIONS. IT IS FOR THE PUPOSES OF OBTAINING LAWFUL REMEDY**

Greetings,

This is my second letter in regards to this matter. The lender in this matter was unable to provide proof of claim for their security instrument and have exhausted their administrative remedies. Therefore, they no longer have any claim on my property. This procedure is done in full accordance with the Administrative Procedure Act of 1946 (USC Title 5 Section 500) and the Federal Rules of Civil Procedures.

Please find the Notice of Default documenting the lender's default and release of Claim.

You will also find enclosed the full re-conveyance for the property in question.

I am therefore instructing you to mark this item as "Settled in Full".

Should you choose not to comply with my instruction within 30 days, you agree to contract with me through tacit agreement for harm done to my good name for a **sum of $1,000,000.** In addition, I will have no choice but to name you as co-defendant for this matter in my civil action.

Respond in writing within 30 days to avoid un-pleasantries. **Your failure to respond equates to tacit consent to my offer under the Administrative Procedures Act. [ I recommend you pass this notice to your senior supervisor/manager. ]**

By: _____ ©
For: HAROLD S CORREOS  without recourse

1


Exhibit J
2 of 2

# HAROLD CORREOS
### 1830 Del Font Court Las Vegas, Nevada [89117] 20Aug2020

**PPH Mortgage Services**
*1 Mortgage Way, Mt. Laurel, NJ 08054*

**Western Progressive-Nevada, Inc. / PREMIUM TITLE TSG**
*North Park Town Center*
*1000 Abernathy Rd NE; Bldg. 400 Suite 200*
*Atlanta, GA 30328*

In reference to:  **Letter dated July 24, & August 6, 2020**
                 **"Second Request for Documentation and Proof of Claim"**

Attention:

You were unable to comply with my first request and **have defaulted on your administrative process.**

Your proof of claim may be substantiated by presenting the following details within 21 days of this notice to the address above:

1) Proof of the existence of the account or contract in the flesh and blood name of Harold Correos duly signed and witnessed by both parties not a unilateral agreement and upon which signed page there is reference to the entire agreement.
2) Proof of claim that you are the **current Holder in Due Course** and it has not been negotiated. I require a visual inspection, not a copy, or affidavit but **my actual original wet ink signature of Note/Security.**

As courtesy, I extend another 21 days that you provide the requested proof of claims. Failure to provide after this courtesy notice is admission that you have exhausted your administrative process, you utter False Obligation, Forgery, Counterfeiting of Security, Mail Fraud and your claim is null and void, and worthy of investigation for Financial Fraud.

Respectfully,
Harold Correos et al.

By: _____ ©
For: HAROLD S CORREOS  without recourse

1

TS No.: 2015-00998-NV



**Western Progressive - Nevada, Inc.**
**Northpark Town Center**
**1000 Abernathy Rd NE; Bldg 400, Suite 200**
**Atlanta, GA 30328**
**(866) 960-8299**

Date: October 8, 2015

T.S. Number: 2015-00998-NV

## DEBT VALIDATION NOTICE

1.   The enclosed document relates to a debt owed to:
     **Ocwen Loan Servicing, LLC**

2.   You may send us a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request.

3.   As of **10/13/2015** the total delinquency owed was **$ 138,876.01**, because of interest, late charges, and other charges that may vary from day to day this amount will increase until the delinquency has been fully paid. Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed.

4.   As of **10/08/2015**, the amount required to pay the entire debt in full was the unpaid principal balance of $365,363.18, plus interest from **09/01/2010**, late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred. The amount will increase daily until the debt has been paid in full. For further information please write to the above listed address or call **(866) 960-8299**

5.   You may dispute the validity of this debt, or any portion thereof, by contacting our office within thirty (30) days after receiving this notice. In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid.

### WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION
### WE OBTAIN WILL BE USED FOR THAT PURPOSE.

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1/877/FTC-HELP or www.ftc.gov."



REPRESENTATION OF PRINTED DOCUMENT

**PHH Mortgage Services**
1 Mortgage Way
Mt. Laurel, NJ 08054

Tel: 877.744.2506
Fax: 856.917.8300

May 6 2020

Exhibit 
2 of 2

**This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally in violation of any applicable stays or injunctions arising out of any bankruptcy case.**

# MORTGAGE ACCOUNT RECORD
### FDCPA VALIDATION OF DEBT

PHH Mortgage Services is the servicer of the above-referenced account (hereinafter referred to as "the Debt") for ("Creditor") IMPAC CMB 2005-5.

As of **6/1/2019**, our records reflect that the current unpaid debt is:

| | |
|---|---|
| Principal | $365,363.18 |
| Interest | $111,325.29 |
| Late Charge | $538.90 |
| Collection Cost | $8,749.74 |
| Escrow Advances | $34,044.54 |
| Non-Sufficient Funds (NSF) Fees | $0.00 |
| Securitized Interest Balance | $0.00 |
| Deferred Principal Balance | $0.00 |
| Suspense Balance | $3.78 |
| **Total Unpaid Debt** | **$520,017.87** |

- Please be advised that accrued interest, fees, corporate and escrow advances, and other charges (including prepayment charges if applicable) may be assessed to the account prior to receipt of any payment. Therefore, the total amount due on the day a payment is received by us may change.

- This notice is not intended as a payoff statement for the underlying mortgage. It merely states the amount of the debt as of the day of this notice. Please contact us at **877.744.2506** to request a contractual payoff statement.

- All payments must be made in certified funds, cashier's check or money order(s) payable to PHH Mortgage Services. Please always include the "Account Number" with a payment.

**Notice: See Below for Important Information***

| HOW TO SEND CERTIFIED FUNDS/CASHIER'S CHECK/MONEY ORDER |
|---|
| Be sure to include the account number on payment! |
| Send by overnight or certified mail to:<br>**PHH Mortgage Services**<br>**1 Mortgage Way**<br>**Mail Stop: SVCF**<br>**Mt Laurel, NJ 08054**<br><br>Help us process the payment faster! Call us with the payment tracking number. |

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

DO NOT PRINT REPRINT

L

Exhibit
1 of 4
pg. 9

TS No.: 2015-00998-NV

APN: 163-03-712-010

WHEN RECORDED MAIL TO:
Western Progressive - Nevada, Inc.
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

TS No.: 2015-00998-NV
TSG Order No: 1507-NV-2675290

Inst #: 20170328-0001977
Fees: $224.00
N/C Fee: $0.00
03/28/2017 12:45:22 PM
Receipt #: 3043008
Requestor:
PREMIUM TITLE TSG
Recorded By: DXI  Pgs: 8
DEBBIE CONWAY
CLARK COUNTY RECORDER

The undersigned hereby affirms that there is no Social Security number contained in this document.

## NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property, if the property is owner-occupied. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). **YOU MAY HAVE A RIGHT TO PARTICIPATE IN THE STATE OF NEVADA FORECLOSURE MEDIATION PROGRAM IF THE TIME TO REQUEST MEDIATION HAS NOT EXPIRED.**

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by you creditor. **Included with this Notice of Default, please see "Exhibit A" – Nevada HUD Approved Housing Counseling Agency Contacts for a listing of local housing counseling agencies approved by the United States Department of Housing and Urban Development (HUD).**

Version 1.1 NV NOD 0515

Page 1 of 4

Exhibit
2 of 4

TS No.: 2015-00998-NV

## NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

**NOTICE IS HEREBY GIVEN THAT: WESTERN PROGRESSIVE - NEVADA, INC.** is the duly appointed Trustee under a Deed of Trust dated **04/04/2005,** executed by **Harold S. Correos And Rosemarie Correos, Husband And Wife As Community Property,** as trustor in favor of **Alliance Bancorp, as Lender, Mortgage Electronic Registration Systems, Inc.,** as Beneficiary , recorded **04/14/2005,** under instrument no. **20050414-0003789,** in book ---, page ---, of Official Records in the office of the County recorder of **Clark,** County, Nevada describing land therein as:

COMPLETELY DESCRIBED IN SAID DEED OF TRUST

Securing, among other obligations, one Note for the Original sum of **$ 377,000.00,** that the beneficial interest under such Deed of Trust and the obligations secured hereby are presently held by the undersigned; that a breach of and default in the obligations for which such Deed of Trust is security has occurred or that payment has not been made of:

**Installment of Principal and Interest plus impounds and/or advances which became due on 10/01/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**
**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.**
**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance. Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents..**

The street address and other common designation, if any, of the real property described above is purported to be: **1830 Del Font Court, Las Vegas, NV 89117**

That by reason thereof the present Beneficiary under such Deed of Trust has executed and delivered to said duly appointed Trustee a written request to commence foreclosure and has deposited with said duly appointed Trustee a copy of such Deed of Trust and documents evidencing the obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
"See Attached Declaration"

**NOTICE**
You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed of Trust above described.  Section NRS 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occurred.  Where reinstatement is possible, if the default is not cured within the statutory period set forth in NRS Section 107.080, the right of reinstatement will terminate and the property may thereafter be sold.

L
Exhibit
3 of 4

TS No.: 2015-00998-NV

## NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

**To determine if reinstatement is possible and the amount, if any, to cure the default, contact:**

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5
C/O Ocwen Loan Servicing, LLC
1661 Worthington Road
West Palm Beach, FL 33409
Phone: 877-596-8580

If you are the Trustor and wish to contact a representative of the Beneficiary to discuss foreclosure prevention alternatives, please contact: 877-596-8580

For foreclosure status, please contact: Western Progressive - Nevada, Inc., Northpark Town Center 1000 Abernathy Rd NE; Bldg 400, Suite 200 Atlanta, GA 30328, (866)-960-8299

Additionally included with this Notice of Default, please see "Exhibit A" - Nevada HUD Approved Housing Counseling Agency Contacts for a listing of local housing counseling agencies approved by the United States Department of Housing and Urban Development (HUD).

Version 1.1 NV NOD 0515

Page 3 of 4

L
Exhibit
4 of 4

TS No.: 2015-00998-NV

## NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency that may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to Nevada Senate Bill 321, Section 11(5), to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more have passed since these due diligence efforts were satisfied.**

**Dated: March 23, 2017**

Western Progressive - Nevada, Inc., as Trustee for beneficiary

By: _____
C.Scott Trustee Sale Assistant

**WESTERN PROGRESSIVE – NEVADA, INC. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

**State of Georgia }ss**
**County of Fulton}**

On March 23 2017  before me Keisha Lyons  Personally appeared C. Scott who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)
Keisha Lyons

KEISHA LYONS
MY COMMISSION EXPIRES
NOTARY
PUBLIC
APRIL 5, 2020
COBB COUNTY, GEORGIA

Version 1.1 NV NOD 0515

Page 4 of 4



Ocwen Loan Servicing, LLC
HELPING HOMEOWNERS IS WHAT WE DO!℠
OCWEN.MORTGAGEBANKSITE.COM



OCWEN



N
Exhibit
1 of 3

## GMAC Mortgage

### Notice of Servicing Transfer and Welcome to Ocwen Loan Servicing, LLC

February 7, 2013

HAROLD S CORREOS
ROSEMARIE O CORREOS
1830 DLL FONT COURT
LAS VEGAS NV  89117-2100

**Your Loan Account Details
as of 02/04/2013**

Account Number
0359167683

Property Address:
1830 DEL FONT COURT
LAS VEGAS NV 89117

Transfer Date:
02/16/2013

Principal Balance:
$365,363.18

Escrow Balance:
-$12,434.58

Loan Rate:
3.500%

Next Payment Due:
10/1/2010

Payment Amount:
Please refer to your
mortgage account statement

Dear HAROLD S CORREOS and ROSEMARIE O CORREOS,

The servicing of your mortgage loan, that is, the right to collect payments from you, is transferring from your current servicer, GMAC Mortgage ("GMACM") to your new servicer, Ocwen Loan Servicing, LLC ("Ocwen") effective February 16, 2013.

Rest assured this transfer of servicing does not affect any term or condition of the mortgage documents, other than those directly related to the servicing of your loan. There will be no change to your account number or payment address; only to the name of the company to which you make your payment. All mailing addresses and phone numbers you previously used to contact GMACM will remain the same but, as of February 16, 2013, they will be maintained by Ocwen. You will continue to be served in a knowledgeable and professional manner, just as you have in the past.

GMACM will stop accepting payments on February 15, 2013. Ocwen will begin to accept payments on February 16, 2013. Send all payments due on or after that date to Ocwen. A temporary coupon is provided below for your convenience. Any account notices prepared prior to February 16, 2013 will reflect GMACM; all notices prepared on or after February 16, 2013 will reflect Ocwen. In addition any payments received by GMACM after February 15, 2013 will automatically be processed by Ocwen.

If you are currently using GMACM's automatic payment service, this program will continue with no lapse in service. If you previously made your payment through GMACMortgage.com, on or after February 16, 2013 you can go to ocwen.mortgagebanksite.com and use your same login ID and password for account access. If you use a third party payment service, please request they update their records to have payments made payable to Ocwen Loan Servicing, LLC effective February 16, 2013.

Because GMACM is the subject of a bankruptcy proceeding, federal law requires either GMACM or Ocwen to send you this notice not more than 30 days after the effective date of the transfer of the servicing of your loan. In this case, all necessary information is combined in this one notice. Please review the reverse side of this letter for legal disclosures, notices and state requirements. It's our goal to make this transfer as seamless as possible.

Enclosed are your (1) final GMAC Mortgage annual privacy notice and (2) your Ocwen initial privacy notice that becomes effective with the start of your new customer relationship with Ocwen. Please see the Ocwen initial privacy notice for important opt-out elections.

We appreciate the opportunity to serve your home loan needs. If you have questions relating to the transfer of servicing please contact our Transfer Hotline at 1-888-926-3479 weekdays from 8:00 AM to 7:00 PM, Central Time. If you have questions about the general servicing of your loan please call GMACM Customer Care at 800-766-4622, 6:00 a.m – 10:00 p.m CT M-F and 8:00 a.m. – 2:00 p.m. Sat.

**Ocwen Loan Servicing, LLC
Customer Care
Contact Information**

➤ Phone:
800-766-4622

Personal assistance:
6:00 a.m. - 10:00 p.m. CT M-F
and 8:00 a.m. - 2:00 p.m. Sat

24-hour automated service

Email:
ocwen@mortgagebanksite.com

Web:
ocwen.mortgagebanksite.com

Mail:
PO Box 780
Waterloo, IA  50704-0780

Sincerely,

Sincerely,

Charles R. Hoecker
Sr. Vice President, Customer Care
GMAC Mortgage

William C. Erbey
President and Chief Executive Officer
Ocwen Loan Servicing, LLC

Enclosure(s)

---

### Mortgage Payment Coupon

**Ocwen Loan Servicing, LLC**



OCWEN

Account Number:
0359167683

Due Date:
10/1/2010

Mortgage Payment:
See above

| | | |
|---|---|---|
| Full Payment | $ | |
| ADDITIONAL Principal | $ | |
| ADDITIONAL Escrow | $ | |
| Late Charge | $ | |
| Other Fees (specify) | $ | |
| **Total Amount Enclosed** | $ | |

OCWEN
PO BOX 79135
PHOENIX, AZ 85062-9135

HAROLD S CORREOS

02   1010   0359167683   00000000   00000   22222   0



**MORTGAGE**

PHH Mortgage Services
1 Mortgage Way
Mt. Laurel NJ 08054

Tel 877-744-2506
Fax 856-917-8300

*Jan 23  2020*    *N*
*Exhibit*
*2 of 3*
*pgs 7-8, 11-12*

January 23, 2020

Harold S Correos
Estate Of Rosemarie O C
1830 Del Font Ct
Las Vegas, NV 89117

```
LOAN NO:          8010732405
LOAN TYPE:        Conventional
INVESTOR:         G8D-1103423385
BILL MODE:        9
```

```
MORTGAGOR(S):          PROPERTY INFORMATION:
Harold S Correos       1830 Del Font CT
Estate Of Rosemarie O C  Las Vegas NV 89117
                       (702)254-6456   (702)261-3301
```

```
Due Date of Monthly Payment: October 01, 2010
Interest Rate 3.50000%
The Current Principal Balance is:          $        365,363.18
Total Interest Due as of 02-22-20                   123,530.09
Escrow/Impound Overdraft                             37,244.56
Unpaid Late Charges                                     538.90
Recoverable Balance                                  10,859.29
Lien Release Fee                                         15.00
Recording Fee                                            40.00
Corporate Seconds                                          .00
Priority Stmt Fee                                          .00
Demand Statement Fee                                     30.00
Payoff valid through (February 22, 2020)
TOTAL AMOUNT DUE TO PAY LOAN IN FULL BY 02-22-20  $   537,621.02

Wire Fee                                          $       25.00
TOTAL AMOUNT DUE TO PAY LOAN IN FULL BY WIRE BY 02-22-20  $  537,646.02
```

THIS STATEMENT REFLECTS THE TOTAL AMOUNT DUE UNDER THE TERMS OF THE
NOTE/SECURITY INSTRUMENT THROUGH THE CLOSING DATE, WHICH IS 02-22-20.
If this obligation is not paid in full by this date, then you should
obtain from us an updated payoff amount before closing. Our lien will
not be satisfied until any and all amounts secured by the mortgage or
deed of trust have been paid in full.

IF PAYING BY WIRE
Domestic wire transfers provide the fastest way to receive payoff funds
and thereby minimize the possibility of additional per diem interest being
due and payable. Please note that we do not accept international wire
transfers. If paying by wire transfer, there may be a processing fee
included in the "Total Due to Pay Loan In Full Via Wire" figure above.

SEND WIRES TO:
M&T Bank
1 MT Plaza, Buffalo,NY,14203
ABA: 022000046 / Account No.: 9865548821
Credit To: PHH Mortgage Services
Payoff Funds for Loan No: 8010732405

XP031/S2K

*Log in to MortgageQuestions.com — your servicing website connection.*

 **PHH**
**MORTGAGE**

PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452



N
Exhibit
3 of 3

## Your monthly mortgage statement

To obtain information about your account:
Visit: www.MortgageQuestions.com
Call toll free: 1-877-744-2506
Email us: CustomerCare@mortgagefamily.com
Fax: 1-856-917-8300

0040155  02 AB 0.416  **AUTO  T2 0 3413 89117-210039 -C05-P40168-1  4      RE    0C1

HAROLD S CORREOS
F ROSEMARY O CORREOS# ESTATE
1830 DEL FONT CT
LAS VEGAS, NV 89117-2100



| | |
|---|---|
| Loan number: | 8010732405 |
| Payment Date: | 12/1/2020 |
| Payment Amount: | $284,960.59 |

**Statement Date:** 11/16/2020

### Bankruptcy Message

Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy.

We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If you want to stop receiving statements, write to us at: PHH Mortgage Services
PO Box 5438
Mt. Laurel, NJ 08054

### Account Information

| | |
|---|---|
| Property Address | 1830 DEL FONT CT |
| | LAS VEGAS, NV 89117 |
| Outstanding Balance (not payoff amount) | $365,383.18 |
| Current Interest Rate (until 7/2014) | 3.5000% |
| Prepayment Penalty | No |
| Escrow Balance | $40,593.37- |
| Suspense Balance | $3.78 |

### Explanation of Payment Amount

| | |
|---|---|
| Principal | $1,147.26 |
| Interest | $656.57 |
| Escrow (Taxes and/or Insurance) | $504.82 |
| Optional Products/Other | $0.00 |
| Regular Monthly Payment | $2,308.65 |
| Total New Fees and Charges | $0.00 |
| Outstanding Unpaid Fees, Returned Item Charges and Shortages | $538.90 |
| Assessed Expenses | $11,672.00 |
| Past Unpaid Amount | $270,441.04 |
| Total Payment Amount as of 11/16/2020 | $284,960.59 |

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and/or Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Optional Products | $0.00 | $0.00 |
| Partial Payment (Unapplied)* | $0.00 | $3.78 |
| Total | $0.00 | $3.78 |

### Important Message

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

Please note that this is not the payoff quote and any amount less than the payoff quote will be returned. Please contact us for payoff quote.

### Transaction Activity

| Posted Date | Assessed Date | Description | Principal (s) | Interest (s) | Escrow (s) | Fees Shortage - Other - (s) | Optional Products (s) |
|---|---|---|---|---|---|---|---|
| 10/19 | | Assessed Expense - INSPECTION FEE | $0.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 |
| 11/19 | | Assessed Expense - ATTNY MAIL COSTS | $0.00 | $0.00 | $0.00 | $0.00 | $3.90 | $0.00 | $0.00 |

## Important Information

If it's not possible to make the monthly payment due to impacts from COVID-19, please notify us right away. You can notify us by filling out the COVID-19 Hardship Notification Form that is available on our website listed above. Click the "Learn More" link within the red Coronavirus banner for details. If you have other questions regarding COVID-19, you may also email or call us – please see the top of the billing statement for contact information. We appreciate your support in using the self-serve options as our wait times may be extended due to anticipated volume related to COVID-19.

Page 1 of 6

If you are making a payment, make your check payable to PHH Mortgage Services.

| | |
|---|---|
| Payment Date | 12/1/2020 |
| Regular Monthly Payment | $2,308.65 |
| Total New Fees and Charges | $0.00 |
| Outstanding Unpaid Fees, Returned Item Charges and Shortages | $538.90 |
| Assessed Expenses | $11,672.00 |
| Past Unpaid Amount | $270,441.04 |
| Total Payment Amount | $284,960.59 |

Loan number: 8010732405
HAROLD S CORREOS
F ROSEMARIE O CORREOS# ESTATE

PHH Mortgage Services
1 MORTGAGE WAY
MAIL STOP: SVCF
MT. LAUREL NJ 08054

690,920.49

| | |
|---|---|
| Extra principal | $_____ |
| Extra escrow | $_____ |
| Unpaid late charges | $_____ |
| Other (specify) | $_____ |
| Total check enclosed | $_____ |

Inst #: 20201005-0000252
Fees: $42.00
10/05/2020 08:10:03 AM
Receipt #: 4238474
Requestor:
Premium Title TSG
Recorded By: MIDO  Pgs: 2
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD



Exhibit O
1 of 9

## RECORDING COVER PAGE
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# 163-03-712-010

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrcalprop/ownr.aspx)

### TITLE OF DOCUMENT
(DO NOT Abbreviate)

STATE OF NEVADA FORECLOSURE MEDIATION PROGRAM

## CERTIFICATE

**Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.**

**RECORDING REQUESTED BY:**

Western Progressive - Nevada, Inc

**RETURN TO:** Name  Western Progressive - Nevada, Inc

Address 1000 Abernathy Road, Ste 200

City/State/Zip Atlanta, GA 30328

**MAIL TAX STATEMENT TO:  (Applicable to documents transferring real property)**

Name

Address

City/State/Zip

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017



**HOME MEANS NEVADA, INC.**
*A Non-Profit Entity Established by the*
*State of Nevada, Department of Business and Industry*



Exhibit
2/9

**Board of Directors**
*President –* **Shannon Chambers**
*VP/Treasurer –* **Perry Falgin**
*Member at-large –* **Robin Sweet**
*Member at-large –* **Verise Campbell**
*Member at-large –* **Jennifer Yim**

# STATE OF NEVADA FORECLOSURE MEDIATION PROGRAM CERTIFICATE

APN: 163-03-712-010

**Recording Requested By:**

Western Progressive - Nevada, Inc.

Ramesh C
1000 Abernathy Rd, NE, Bldg 400, Ste 200
Atlanta, GA 30328

**When Recorded, Mail To:**

Western Progressive - Nevada, Inc.

Bishwanath Mahato
1000 Abernathy Rd, NE, Suite 200
Atlanta, GA 30326

**Property Owner(s):**

Harold S Correos

Rosemarie Correos

**Trustee:**

Western Progressive - Nevada, Inc.

**Foreclosure Mediation Program Certificate Number:** 2020-09-29-0001
**Issue Date:** 09/29/2020

☐ Mediation Waiver: The Beneficiary may proceed with foreclosure process.

☑ No Agreement: A Foreclosure Mediation Conference was held on 09/11/2020. mm/mmmm/yyyy parties were unable to agree to a resolution of this matter. The Beneficiary may proceed with foreclosure process.

☐ Relinquish the Property: A Foreclosure Mediation Conference was held on mm/mmmm/yyyy The parties homeowner would voluntarily relinquish the property. The mediation required by law has been completed in this matter. The Beneficiary may proceed with the foreclosure process.

☐ Grantor Non-Compliance : The Grantor or person who holds the title of record I not attend the Foreclosure Mediation Conference, failed to produce the necessary disclosure forms, did not file petition, or did not pay the fees required by the district court. The Beneficiary may proceed with the foreclosure process.

☐ Certificate Reissuance: The Beneficiary may proceed with foreclosure

☐ Court Ordered: The Beneficiary may proceed with the foreclosure process.

**NOD Date:** 02/14/2020        **Proof of Service Date:** 02/24/2020

**Property Address:**
1830 Del Font Court
Las Vegas, NV 89117
**Instrument number:** 20050414-0003789
**Deed of Trust Document Number:** 20050414-003789
**Book:** _____ **Page:** _____



Exhibit 
3 of 9

## AFFIDAVIT OF CERTIFICATION OF DOCUMENTS PURSUANT TO
## NEVADA FORECLOSURE MEDIATION RULE 13(7)

APN: 163-03-712-010

Borrower: Harold Correos
Address: 1830 Del Font Ct.
City, State, Zip Code: Las Vegas, NV, 89117

Trustee: QUALITY LOAN SERVICE CORPORATION ←———— ?
FILE NO.: NV-20-881868-MED
Loan Number: 9702036162

Attached hereto is a true and correct copy of the original(s), certified copy(ies), which is/are in the possession of the undersigned:

☐ Promissory Note

☐ Deed of Trust

☒ Assignment(s) of the Deed of Trust

☐ Endorsement or Allonge of the Promissory Note

I am authorized to make this certification on behalf of the current beneficiary of the Deed of Trust. I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct and that this Certification is executed this 28th day of _____July_____, 20 20.

Signature: _____

Name: _____Matthew Dayton, Esq.____
Title/Capacity: Attorney for Beneficiary of Record and its Servicer
Company: _____McCarthy Holthus, LLP____
Address: _____9510 West Sahara Ave., #200____
City, ST, Zip: _Las Vegas, NV 89117_

State of Nevada        )
                       )
County of Clark        )

On 7/28/20, before me, __Jill Breslaw__, Notary Public, personally appeared

Matthew Dayton, Esq personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public

JILL BRESLAW
Notary Public-State of Nevada
Appointment No. 191002401
My Appointment Expires 10/9/2023

Ver. 2.2015



Exhibit
4 of 9

Inst #: 20180703-0000482
Fees: $40.00
07/03/2018 08:50:00 AM
Receipt #: 3444824
Requestor:
PREMIUM TITLE TSG
Recorded By: KVHO  Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

## RECORDING COVER PAGE

(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# 163-03-712-010

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

### TITLE OF DOCUMENT
(DO NOT Abbreviate)

STATE OF NEVADA FORECLOSURE MEDIATION PROGRAM

CERTIFICATE

**Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.**

**RECORDING REQUESTED BY:**

Western Progressive - Nevada, Inc

**RETURN TO:** Name Western Progressive - Nevada, Inc

Address 1000 Abernathy Road, Ste 200

City/State/Zip Atlanta, GA 30328

**MAIL TAX STATEMENT TO:** (Applicable to documents transferring real property)

Name

Address

City/State/Zip

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017



Exhibit O

4 of 9



## HOME MEANS NEVADA, INC.

**Board of Directors**

Shannon Chambers
Perry Faigin
Robin Sweet
Verise Campbell
Jennifer Yim

## STATE OF NEVADA FORECLOSURE MEDIATION PROGRAM
### CERTIFICATE

APN: 163-03-712-010

Recording requested by:

Western Progressive-Nevada, Inc.

Northpark Town Center

Atlanta                   GA        30328

When recorded, mail to:

Western Progressive-Nevada, Inc.

Northpark Town Center

Atlanta                   GA        30328

☐ **Mediation Waiver:** The Beneficiary may proceed with foreclosure process.

☐ **No Agreement:** A Foreclosure Mediation Conference was held on . The parties were unable to agree to a resolution of this matter. The Beneficiary may proceed with foreclosure process.

☐ **Relinquish the Property:** A Foreclosure Mediation Conference was held on . The parties homeowner would voluntarily relinquish the property. The mediation required by law has been completed in this matter. The Beneficiary may proceed with the foreclosure process.

☐ **Grantor Non-Compliance:** The Grantor or person who holds the title of record did not attend the Foreclosure Mediation Conference, failed to produce the necessary disclosure forms, did not file petition, or did not pay the fees required by the district court. The Beneficiary may proceed with the foreclosure process.

☐ **Certificate Reissuance:** The Beneficiary may proceed with foreclosure process.

☒ **Court Ordered:** The Beneficiary may proceed with the foreclosure process.

NOD Date: 03/28/2017    Proof of Service Date:

Property Owner(s):

Harold S. Correos
Rosemarie Correos

Property Address:

1830 Del Font Court
Las Vegas, NV 89117

Trustee:

Western Progressive -
Nevada, Inc.

Instrument Number: 20050414-0003789

Deed of Trust Document Number:

Book        Page

Foreclosure Mediation Program Certificate Number: 2018-06-20-0002  Issue Date: 06/20/2018

Exhibit 
5 of 9

## NEVADA FORECLOSURE MEDIATION AUTHORIZATION FORM

I Max Nieves (Director HRC) am employed by     <u>PHH Mortgage Servicing</u>
        *(name/title)*                                *(Current Beneficiary/Servicer)*

I am authorized by <u>PHH Mortgage Servicing</u> to make this authorization.

Pursuant to NRS 107.086 and/or the Foreclosure Mediation Program Rules the law firm of <u>McCarthy & Holthus, LLP</u>, is hereby authorized to negotiate a loan modification on behalf of the beneficiary of the deed of trust and negotiate other foreclosure alternatives and have access at all times during the mediation to a person with such authority.

This authorization extends to the matter mentioned above wherein McCarthy & Holthus, LLP, is employed by <u>PHH Mortgage</u> as its counsel of record.
        *(Current Beneficiary/Servicer)*

Date: <u>9/12/19</u>

_____
Signature/title



Exhibit

7 of 9

## AFFIDAVIT OF CERTIFICATION OF DOCUMENTS PURSUANT TO NEVADA FORECLOSURE MEDIATION RULE 13(7)

APN: 163-03-712-010

Borrower: Rosemarie Correos, Harold S. Correos
Address: 1830 Del Font Court
City, State, Zip Code: Las Vegas, NV, 89117

Trustee: WESTERN PROGRESSIVE- NEVADA, INC.
FILE NO.: NV-17-777051-MED
Loan Number: 359167683

Upon information and belief, attached hereto is a true and actual copy of a prior loan modification of the afore-mentioned loan. I am authorized to make this certification on behalf of the current beneficiary of the Deed of Trust. I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct and that this Certification is executed on this 22nd day of August, 2017.

Signature: _____

Name: _____Priscilla L. Baker, Esq._____
Title/Capacity: Attorney for Beneficiary of Record and its Servicer
Company: _____McCarthy Holthus, LLP_____
Address: _____9510 West Sahara Ave., #200_____
City, State, Zip: _____Las Vegas, NV 89117_____

State of Nevada        )
                       )
County of Clark        )


On August 22, 2017, before me, Ciara Karpinski, Notary Public, personally appeared Priscilla L. Baker, Esq., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
Witness my hand and official seal.

_____
Notary Public

CIARA KARPINSKI
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 17-1181-1
My Appt. Expires Dec. 13, 2020

Ver. 1.2016



Exhibit

8 of 9

Supreme Court of Nevada
## ADMINISTRATIVE OFFICE OF THE COURTS

ROBIN SWEET
Director and
State Court Administrator

JOHN MCCORMICK
Assistant Court Administrator
Judicial Programs and Services



RICHARD A. STEFANI
Deputy Director
Information Technology

VERISE V. CAMPBELL
Deputy Director
Foreclosure Mediation

Harold S Correos
1830 Del Font Ct.
Las Vegas, NV 89117
APN: 163-03-712-010

February 25, 2016

### IMPORTANT NOTICE

Enclosed please find a copy of the Mediator Statement detailing the outcome of your recent mediation. Pursuant to NRS 107.086, the State of Nevada Foreclosure Mediation Program (FMP)

☐ **WILL NOT ISSUE** a Certificate of Foreclosure
☒ **WILL ISSUE** a Certificate of Foreclosure **on or about April 11, 2016**

for the property located at: **1830 Del Font Court, Las Vegas, NV 89117**

A Certificate allows the beneficiary to proceed with foreclosure. If you participated in mediation, you have the right to file a Petition for Judicial Review (PJR) within 30 days of receiving the Mediator's Statement (NRS 107; FMP Rule 21) with the District Court in the county where the Notice of Default was properly recorded. The District Court Clerk in your jurisdiction can provide further information about the PJR process. In addition, information about the PJR process can be found at http://foreclosure.nevadajudiciary.us.

If you waived participation in mediation, or failed to respond to the Notice of Default, other legal remedies may be available to you. Legal aid and consumer counseling resources are available to eligible homeowners and can be found at http://www.homeagainnevada.gov or by calling Home Again Nevada at 1-855-457-4638.

Additional copies of these documents can be obtained, upon written request of the parties. There is a cost of $1 per page for all copies. If you have questions about this letter, please contact the FMP at (702) 486-9380 in southern Nevada, (775) 687-9816 in northern Nevada, or (888) 421-3004 in rural Nevada.

Sincerely,

Verise V. Campbell

Supreme Court Building ♦ 201 South Carson Street, Suite 250 ♦ Carson City, Nevada 89701 ♦ (775) 684-1700 ⋅ Fax (775) 684-1723

Regional Justice Center ♦ 200 Lewis Avenue, 17th floor ♦ Las Vegas, Nevada 89101


Exhibit
9 of 9

## NEVADA FORECLOSURE MEDIATION AUTHORIZATION FORM

I, Beth M. Northrop-Day, Counsel, am employed by Ocwen Loan Servicing, LLC
    (name/title)                          (Current Beneficiary/Servicer)

I am authorized by Ocwen Loan Servicing, LLC, to make this authorization.
                 (Current Beneficiary)

Pursuant to NRS 107.086(5) the law firm of McCarthy Holthus LLP is hereby authorized to negotiate a loan modification on behalf of the beneficiary of the deed of trust and have access at all times during the mediation to a person with such authority.

This authorization extends to all matters wherein McCarthy Holthus LLP is employed by
                                                      (Firm)

Ocwen Loan Servicing, LLC, as its counsel of record.
  (Current Beneficiary/Servicer)

Date: April 25, 2014               *Beth M. Northrop-Day*
                                 Beth M. Northrop-Day, Counsel



Exhibit

1 of 1
PS. 9

**Western Progressive-Nevada, Inc. / PREMIUM TITLE TSG**
*North Park Town Center*
*1000 Abernathy Rd NE; Bldg. 400 Suite 200*
*Atlanta, GA 30328*

**PPH Mortgage Services**
*1 Mortgage Way, Mt. Laurel, NJ 08054*

**McCarthy & Holthus LLP**
*9510 W. Sahara Ave Suite 200*
*Las Vegas, Nevada 89117*

**U.S. Department of Justice**
**Assistant Inspector General for Investigations**
*950 Pennsylvania Av NW. Washington DC 20530-4760*

**Miss Tammy L. Whitcomb**
**Inspector General C.I.S.**
*Attn: Mail Fraud*
*433 W. Harrison St. Room 3255*
*Chicago IL 60699-3255*

**U.S. Security and Exchange Commission**
**Division of Enforcement**
*100 F St. NE. Washington DC 20549-2977*
*sec.gov/tcr, sec.gov/complaint/info*

**The Office of Inspector General-U.S. SEC Carl W. Hoecker**
*202-551-6061  oIg@sec.gov*


**Attention: PPH Mortgage Services, Western Progressive-Nevada, Inc. McCarthy & Holthus LLP.**

**PPH Mortgage Services, Western Progressive-Nevada, Inc., McCarthy & Holthus LLP.**
You are in default to my letter and correspondence dated **01/10/2020, 2/19/2020 and 03/11/2020.**

By your silence and non-response, you have admitted and uttered or fabricated a fraudulent claim and are committing acts of Forgery, Mail Fraud, Counterfeiting, False personation-4USC101, Actual and Constructive Fraud and criminal trespass upon the Legal Estate and Property of the Homeowner-Harold Correos, et al.

Date: 06July2020

(Without recourse)

**for: HAROLD CORREOS**
1830 Del Font Court
Las Vegas, Nevada [89117]

Exhibit Q

1 of 1

**Date: January 10, 2020**

**Attention: PHH MORTGAGE SERVICES**
1 Mortgage Way  Mt. Laurel, NJ 08054

In regards to:  **Letter Dec. 26, 2019** *see attached*

**Dear Mr. or Mrs. Collection Department,**

**I am notifying you by this writing that I dispute this debt, or any portion of the debt.**

As a 3rd party debt collector, **PHH MORTGAGE SERVICES** is hereby required to show me identification and their authority to act or do a Presentment for payment on behalf of **OCWEN** as mandated by:
NRS  104.3501  Presentment
Upon demand of the person to whom presentment is made, the person making presentment must:

(1)  Exhibit the instrument; (2)  Give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so; and  (3)  Sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

**PHH MORTGAGE SERVICES** potentially violates sec.8 of the National Bank Act of June 3, 1864, wherein only lawful money based on personal security maybe loaned, also title 12 sec.24 paragraph 7 of the USCA.
This is why I am challenging the validity of any allege debt under Article 1 Section 10 of the Constitution of the united states, in its entirety under the Fair Debt Collection Practices Act of title 15 sec.1692(g) et seq. and title 31 sec.5118(d)(2)

It is required by the United States Patriot Act to reveal the source of the funds.
FinCen 104/105 or 114a and the money net daily trans log report 120 will show the source Bank from which funds were transferred.

Failure to provide the above instruments or documentations within 14 days of the receipt of this letter is an admission by **PHH MORTGAGE SERVICES** that they have produced a bogus and fraudulent claim and are liable to: Harold Saladar Family of Correos  for an unspecified amount for Trespass, Forgery, Actual and Constructive Fraud and Criminal Trespass upon the Legal Estate and Real Property of: Harold Saladar Family of Correos

Sincerely,

_Harold S Correos_  without recourse

Harold Saladar Family of Correos

hsc                                                      1830 Del Font Court Las Vegas, NV 89117

1



Exhibit Q
1 of 5

**Western Progressive-Nevada, Inc. / PREMIUM TITLE TSG**                    Mar 11, 2020
*North Park Town Center*
*1000 Abernathy Rd NE; Bldg. 400 Suite 200*
*Atlanta, GA 30328*

**PPH Mortgage Services**
*1 Mortgage Way, Mt. Laurel, NJ 08054*

**OCWEN LOAN SERVICING LLP**
*1661 Worthington Rd. Ste.100  West Palm Beach, FL. 33409*

**Nevada Office of the Attorney General-Aaron Ford**
*100 North Carson Street Carson City, NV*

**The Office of Inspector General-U.S. SEC Carl W. Hoecker**
*202-551-6061  oig@sec.gov*

**Attention: Western Progressive-Nevada Inc., Premium Title TSG, PHH Mortgage Corp., OCWEN Loan Servicing LLP.**


I am writing in response to your recent instrument #20200214-0000185, NOTICE OF DEFAULT AND ELECTION TO SELL and your admission under F.R.C.P. Rule 36 (a) (1) (4) Requests for Admission, that you **WESTERN PROGRESSIVE-NEVADA INC.** the "Alleged Trustee and a 3rd Party Debt Collector" for OCWEN LOAN SERVICING LLC. C/o-PHH MORTGAGE SERVICES. And further I am giving you Judicial Notice under the Federal Rules of Evidence › ARTICLE II. JUDICIAL NOTICE › Rule 201. Judicial Notice of the following Adjudicative Facts **(1)** That are generally known within the district court of the united states for the district of Columbia as the  trial court's territorial jurisdiction and judicial degree against OCWEN LOAN SERVICING LLC. C/o-PHH MORTGAGE SERVICES as a debtor under Title 11 USC Bankruptcy Code § 101 (13) and Chapter 48 pg. 112 SESS. I 73rd Congress, June 05, 1933 as Public Resolution # 10 in favor of the state of Nevada & Office of the Attorney General-Aaron Ford 100 North Carson Street Carson City, NV 89701 ; and **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, for **misconduct related to the servicing** of single family residential mortgages, including by **Homeward** Residential, Inc. ("Homeward") and **Litton** Loan Servicing, LP ("Litton") before their acquisition by Ocwen Financial Corporation. Ocwen, Homeward, and Litton are collectively referred to herein as a "Servicers."

 As described in the allegations below, the Servicers' **misconduct** resulted in **premature and unauthorized foreclosures**, violation of my homeowners' rights and protections, and the use of **false and deceptive affidavits and other documents**. The action was brought by the Bureau, an independent agency of the United States created by the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5491(a) et seq.

 The Bureau is authorized to take appropriate enforcement action to address violations of Federal consumer financial law, including the CFPA, and has independent litigating authority. See 12 U.S.C. §§ 5511(c) (4); 5512(a); 5531(a); and 5564(a). Sections 1031 and 1036(a) of the CFPA, 12 U.S.C. §§

1



5511(c)(4); 5512(a); 5531(a); and 5564(a). Sections 1031 and 1036(a) of the CFPA, 12 U.S.C. §§ 5531 and 5536(a), prohibit unfair, deceptive, or abusive acts or practices, or other violations of Federal consumer financial law, by any covered person or service provider.

The above action was brought by the Plaintiff States pursuant to consumer protection enforcement authority conferred on them by state law and pursuant to parens patriae and common law authority. The Attorneys General are authorized to seek injunctive relief, restitution for consumers, and civil penalties for violation of the consumer protection laws of their States.

Ocwen Financial Corporation is a publicly traded Florida corporation headquartered in Atlanta, Georgia, that provides residential mortgage servicing services. It engages in a variety of businesses related to residential mortgage servicing, and focuses on loan servicing, specialty servicing, and mortgage services. Ocwen Financial Corporation transacts or has transacted business in this district and throughout the United States.

On September 1, 2011, Ocwen acquired and became the successor in interest to Litton, a servicer of residential mortgages and a Delaware limited partnership. Ocwen Financial Corporation is a successor corporation to Litton and **is liable for the illegal practices**, including those of Litton, alleged in this Complaint.

On December 27, 2012, Ocwen Financial Corporation acquired and became the successor in interest to Homeward, a servicer of residential mortgages and a Delaware corporation. Ocwen Financial Corporation is a successor corporation to Homeward and **is liable for the illegal practices**, including those of Homeward, alleged in this Complaint

Defendant Ocwen Loan Servicing, LLC is a limited liability company and wholly owned subsidiary servicing company of Ocwen Financial Corporation. It is located in Palm Beach, Florida. Ocwen Loan Servicing, LLC transacts or has transacted business in this district and throughout the United States.

OCWEN LOAN SERVICING LLC A DIVISION OF OCWEN FINANCIAL CORP LOCATED AT 1661 Worthington Road Suite 100 West Palm Beach, FL 33409 United States was Founded in 2002 **is an investment company and not a Bank or Financial Institution and was not the source of any Funds at closing on 04/04/2005 and is required by the U.S. PATRIOT ACT to reveal the source of the funds** by filing Currency Transaction Reports, Currency and Monetary Instrument Transportation Forms CMIR's under §§ 5311 et seq. of 31 U.S.C. of THE BANK SECRECY ACT and 31 CFR § 103.11 regulations et seq., FinCen Forms 8300, FinCen 104, 105 and FinCen114a and the Money Net Daily Transaction Log Report 120 showing the source Bank and Financial Institution from which funds were

transferred at the closing of escrow under the U.S. PATRIOT ACT and SEC Rule 17a-8-17a-10, which applies to all broker-dealers, incorporates the requirements of the Bank Secrecy Act to file reports and maintain records showing the source of the funds that allegedly funded and perfected the Mortgage Loan Applications, Promissory Notes and securing **HAROLD CORREOS** Real Property under the subject Deed of Trust.

**Just a few months ago, Ocwen settled with the Securities and Exchange Commission for misstating its financial results during 2013 and 2014, paying a $2 million fine for having poor internal controls and failing to disclose former chairman and CEO Erbey's conflicts of interest. Ocwen settled this matter on Jan. 20 without admitting or denying the SEC's findings. SAN FRANCISCO – Attorney General Kamala D. Harris recently announced a $2.1 billion multistate and federal settlement with Ocwen Financial Corporation and Ocwen Loan Servicing LLC. Over alleged mortgage servicing misconduct.**

**Monette Saccameno Secures a Jury Verdict against Ocwen Loan Servicing LLC.** The eight (8) day federal trial concluded on April 11, 2018 in Chicago, Illinois at the Everett McKinley Dirksen United States Court House. **The jury, after deliberating for approximately 7 hours, determined that Ocwen breached its contract, violated RESPA for failing to adequately respond to Saccameno's Qualified Written Request, violated the FDCPA and committed both unfair and deceptive acts in violation of the Illinois Consumer Fraud Act. Monette Saccameno was awarded $500,000.00 in compensatory damages, $70,000.00 in non-economic damages, $12,000.00 in economic damages and $3,000,000.00 in punitive damages. Nicholas Heath Wooten, Esq., Ross Michael Zambon, Esq., and Mohammed Omar Badwan, Esq. led the litigation team on behalf of Saccameno.**

**WESTERN PROGRESSIVE-NEVADA INC., PHH Mortgage Services & Ocwen's** presentment and demand for payment under 31 USC § 5118 (d)(2) VIOLATES PUBLIC POLICY due to the fact the UNITED STATES has withdrawn its consent given to anyone to assert against the Government, its agencies, or its officers, employees, or agents, a claim, **(A)** on a gold clause public debt obligation or interest on the obligation; **(B)** for United States coins or currency; or **(C)** arising out of the surrender, requisition, seizure, or acquisition of United States coins or currency, gold, or silver involving the effect or validity of a change in the metallic content of the dollar or in a regulation about the value of money. Also 31 USC § 5118 (d) (2) does not apply to any obligation issued after October 27th 1977 which this obligation clearly falls under and from which you **WESTERN, PHH & OCWEN** are time barred by law.



4 of 5

**Since your obligation involves a state issue you are also barred by Article 1 § 10 of the constitution of the united states of america from asserting a claim for payment.**

I am refusing payment and acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule of Public Policy under Title 31 USCA §5118 C (1) (d) (2), under NRS §104.3501 (2) (3), 104.3301, 104.3302, 104.3308 and upon proof of the following claims and facts:

1. That **WESTERN PROGRESSIVE-NEVADA INC., PPH Mortgage Services and OCWEN LOAN SERVICING LLP.** Is not barred by the **Statute of Limitations** and according to item 3 Under PAYMENTS that; **if on May 1, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".**

2. That **WESTERN PROGRESSIVE-NEVADA INC., PPH Mortgage Services and OCWEN LOAN SERVICING LLP.** Exhibit the Original Contract, hereinafter "CONTRACT", un-altered or impaired with original signatures. Under NRS §104.3206, 104.3205. [*S.E.C. enforces Counterfeiting of Securities*.]

3. That **WESTERN PROGRESSIVE-NEVADA INC.,** show me identification and their authority to act or do a presentment for payment on behalf of **PPH Mortgage Services and OCWEN LOAN SERVICING LLP** as mandated by NRS § 104.3501 (2)(B).

4. That **WESTERN PROGRESSIVE-NEVADA INC., OCWEN LOAN SERVICING LLP** and **PPH Mortgage Services** sign a receipt for the instrument or promissory note for payment made in full as accord and satisfaction under NRS § 104.3311, by Securitization of the CONTRACT under the TRANSFER AND SERVICING AGREEMENT and to surrender the instrument or promissory note to me as mandated by NRS §104.3501 (b) (3). And has not **monetized, altered, impaired** or endorsed any of the instruments or collateral **"without recourse"** that were presented.

**WESTERN PROGRESSIVE-NEVADA INC., PPH Mortgage Services and OCWEN LOAN SERVICING LLP** does not have enforceability rights as an owner, holder or holder in due course under NRS §§ 104.3301, 104.3302 nor they have possession or control of the Receivables or the Loan/Installment Agreement.

I am challenging **WESTERN PROGRESSIVE-NEVADA INC., PPH Mortgage Services and OCWEN LOAN SERVICING LLP** authority to make a presentment without dishonor and

4



for lack of Ratification of Commencement in the name of the Real Party in interest-Rule 17(a), & under the NRS §104.3501 (2)(B).

In regards to **IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5** is Not registered with the Securities Exchange Commission pursuant to the NRS § 104.9301, and FOIA.

**WESTERN PROGRESSIVE-NEVADA INC., PPH Mortgage Services and OCWEN LOAN SERVICING LLP.** Are potentially in conspiracy to defraud this homeowner and or commit commercial crimes and Mail Fraud, Counterfeiting of Security, Insider Trading, Forgery, False & Fictitious Obligation, Identity theft, Embezzlement, Extortion, and etc.

*[Commercial Crimes, Any of the following types of crimes (Federal or State):*
*Offenses against the revenue laws under admiralty maritime law under 28 usc 1333 of article 3 sec 2 of the u.s. constitution; burglary; counterfeiting; forgery; kidnapping; larceny; robbery; extortion; etc.]*

**Failure to provide the above proof of claims and facts within 10 days of the receipt of this letter is an admission by Western Progressive Nevada Inc., PHH Mortgage Servicer, that they have <u>uttered or fabricated a fraudulent claim</u> and are liable to: S.E.C. Security Exchange Commission, State of Nevada, Harold Correos et al., for an unspecified amount for Forgery, Mail Fraud, Counterfeiting, Actual & Constructive Fraud, Identity theft, Embezzlement, Extortion, Criminal Trespass upon the Legal Estate and Property of: Harold Correos.**

*Without Dishonor.*

Harold Correos *without recourse*



Exhibit Q

1 of 2

## NOTICE LETTER

To: Priscilla L. Baker, Esq. #13449
Law Office of McCarthy Holthus, LLP
9510 West Sahara Ave., #200
Las Vegas, Nevada 89117

**Re: Source Bank that funded transaction at Closing**
On April 4th 2005          Case# A-17-758210-FM

Attn: Priscilla L. Baker, *et al.*:

Respondent-Claimants have not presented any legitimate documentation that they are creditors under Bankruptcy Rule 4007 (a), were ever funded or perfected by Respondent-Claimants.

Respondent-Claimants are required by U.S. Patriot Act to reveal the source of the funds by filing Currency Transaction Reports, Currency and Monetary Instrument Transportation Forms CMIR's under §§ 5311 *et seq.* of 31 U.S.C. of The Bank Secrecy Act and 31 CFR B, Ch.1, 103.11 regulations *et seq.*, FinCen Forms 8300, FinCen 104 and 105 and the Money Net Daily Transaction Log Report 120 showing the source Bank and Financial Institution from which funds were transferred at the closing of escrow.

SEC Rules 17a-8-17a-10, which applies to all broker-dealers, incorporates the requirements of the Bank Secrecy Act to file reports and maintain records showing the source of the funds that allegedly funded and perfected the Mortgage, securing HAROLD CORREOS' Mortgage & Real Property.

Pursuant to Title 28 § 1781 and F.R.C.P. 28 (b) on the Convention on the taking of evidence in Civil or Commercial matters under Chapter 1 Article 1, You are hereby given notice that taxable events occurred in this case on the trade receivables and payables account, by the recent conversion, sale, and transfer under the Miller Reinsurance Agreement in favor of the United States through standard forms 275, the Performance Bond 273, and the Payment Bond 274 by the U.S. Trustee and other Trustee's under Title 28 §§ 2041- 2044 to Asset and Commercial Backed Securities.

70111570000293785987                    1 of 2



I, Harold Correos have not assumed the tax liability for said conversion, transfer, and sale as a taxable event. I therefore demand that the Respondent-Claimants send to me certified copies of the U.S. Informational Tax Forms 1096, the accompanying 1099 OID's, tax forms 8300 for any cash payments over $10,000 as evidenced in the Administrative Record as a Certificated Security.

The 1099 OID's will identify who  the payor and the recipient of the funds or cash proceeds were under SFAS  [Statement of Financial  Accounting Standards]  FAS # 95 Statement of Cash Flows and IAS [International Accounting Standards] # 7.6 containing the inflows and outflows of cash and cash equivalents on the Balance Sheet FR 2046 from securitization of the off-balance-sheet receivables and payables which identify both the source or principal from which the funds or cash proceeds were derived from.

As you are the Trustee or Bailee of the Account and the trade receivables and payables of the trust, you are required to file a return under title 26  § 6012 (a) (4)  as taxable income on a sale from the trust.

If  I do not receive the requested tax forms within 30 days I will file the above forms and Form 4490 Proof of Claim, Form 10492 Notice of Federal Taxes Due  and Form 2373 Statement  of  Internal  Revenue  Taxes  Due  as  an  Expense  of  Administration  of  my Estate with the Internal Revenue Service regarding the trade receivables and payables in this matter showing myself as the payor and the Respondent-Claimant's, Court and Trustee's as the Recipients of the cash  flows, proceeds or  funds from the conversion, transfer and sale  of the bonds to securities  as an off-balance sheet item from the Legal Estate of HAROLD CORREOS.

Dated this __37__ day of April, 2018

2 of 2

Harold Correos
(without Recourse)

IMPAC

P.O. Box 10239
Van Nuys CA 91410-0229

Send Correspondence to:
P.O. Box 5170
Simi Valley CA 93062-5170

Business Address:
450 American Street
Simi Valley CA 93065-6285

2005

Exhibit 

1 of 1
pg.10

**Notice Date:** August 8, 2005

Harold S Correos & Rosemarie O Correos
5916 Southwind Dr
San Jose, CA  95138-1846

**Account No.:** 70128527
**Property Address:**
1830 Del Font Court
Las Vegas, NV

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from Countrywide Home Loans to GMAC MORTGAGE CORP, effective September 1, 2005.

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any terms or conditions of the mortgage instruments, other than the terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your *present servicer* send you this notice at least 15 days before the effective date of transfer, or at closing. Your *new servicer* must also send you this notice no later than 15 days after this effective date or at closing.

## YOUR *PRESENT* SERVICER:

Your *present servicer* is Countrywide. If you have any questions relating to the transfer of servicing from Countrywide call Customer Service, toll-free, at 1-800-669-6607 between 6:00 a.m. and 5:00 p.m. Pacific Time, Monday through Friday.

## YOUR *NEW SERVICER* CONTACT AND PAYMENT REMITTANCE ADDRESS:

Your *new servicer* will be GMAC MORTGAGE CORP. The business address for your *new servicer* is: 3451 Hammond Avenue, Waterloo, IA 50702. The address to send correspondence is: Attn: Customer Care, 3451 HAMMOND AVE, Waterloo, IA 50702.  Payments are to be received at: Attn: Payment Processing, P.O. Box 780, Waterloo, IA 50704.  The toll-free telephone number of your *new servicer* is 1-800-766-4622. If you have any questions relating to the transfer of servicing to your *new servicer* call GMAC MORTGAGE CORP. Attn: Customer Care toll-free at 1-800-766-4622 between 7:00 a.m. and 9:00 p.m., Central Time, Monday through Friday, extended hours: 9:00 a.m.-1:00 p.m. on Saturday.  Your complete loan file is being transferred to your *new servicer*.

## INFORMATION CONCERNING YOUR PAYMENTS:

The date that Countrywide will stop accepting payments from you is August 31, 2005.  The date that your *new servicer* GMAC MORTGAGE CORP will start accepting payments from you is September 1, 2005. Send all payments on or after that date to your *new servicer*.  Your *new servicer* will send you new billing statements. If you have a payment due before you receive your new billing statement, write your *new servicer's* loan number on your check and mail it to your *new servicer* at the payment address shown above.  Until you receive a new loan number, you may write your old loan number on the check.

If your payments were made by electronic debit, please contact your *new servicer* concerning the continuation of this service. Additionally, if your payments include a premium for life or disability insurance, or any other type of optional insurance, you will receive notification at a later date from your *new servicer* if there are any changes concerning the terms or continued availability of this insurance.

## OTHER INFORMATION FROM COUNTRYWIDE:

Countrywide will provide you within 60 days of the transfer a statement that shows all loan transactions from the date of your last year-end statement or escrow analysis to the date of transfer. If any check or other instrument received by Countrywide is/was returned unpaid, you remain liable to Countrywide for the amount unpaid.  At year-end, you will receive a statement of account from Countrywide for payments received and applied to your account through August 31, 2005.  This statement is for your use when preparing your tax return.  If you have any questions, please contact Countrywide at the toll-free number listed above.

Sincerely,

*April Rush*

April Rush
Customer Service

TS No.: 2015-00998-NV

APN: 163-03-712-010

**WHEN RECORDED MAIL TO:**
Western Progressive - Nevada, Inc.
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

TS No.: 2015-00998-NV
TSG Order No: 1507-NV-2675290

Inst #: **20150929-0003063**
Fees: **$224.00**
N/C Fee: **$25.00**
**09/29/2015 12:57:46 PM**
Receipt #: **2667177**
Requestor:
**PREMIUM TITLE TSG**
Recorded By: RNS  Pgs: 8
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

Exhibit **S**

1 of 8
pg. 12

The undersigned hereby affirms that there is no Social Security number contained in this document.

# NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property, if the property is owner-occupied. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). **YOU MAY HAVE A RIGHT TO PARTICIPATE IN THE STATE OF NEVADA FORECLOSURE MEDIATION PROGRAM IF THE TIME TO REQUEST MEDIATION HAS NOT EXPIRED.**

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by you creditor. **Included with this Notice of Default, please see "Exhibit A" - Nevada HUD Approved Housing Counseling Agency Contacts for a listing of local housing counseling agencies approved by the United States Department of Housing and Urban Development (HUD).**

Version 1.1 NV NOD 0515

Page 1 of 4



Exhibit **S**

2 of 8

TS No.: 2015-00998-NV

# NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

**NOTICE IS HEREBY GIVEN THAT: WESTERN PROGRESSIVE - NEVADA, INC.** is the duly appointed Trustee under a Deed of Trust dated 04/04/2005, executed by **Harold S. Correos And Rosemarie Correos, Husband And Wife As Community Property,** as trustor in favor of Alliance Bancorp, as Lender, Mortgage Electronic Registration Systems, Inc., as Beneficiary , recorded 04/14/2005, under instrument no. 20050414-0003789, in book ---, page ---, of Official Records in the office of the County recorder of Clark, County, Nevada describing land therein as:

COMPLETELY DESCRIBED IN SAID DEED OF TRUST

Securing, among other obligations, one Note for the Original sum of $ 377,000.00, that the beneficial interest under such Deed of Trust and the obligations secured hereby are presently held by the undersigned; that a breach of and default in the obligations for which such Deed of Trust is security has occurred or that payment has not been made of:

**Installment of Principal and Interest plus impounds and/or advances which became due on 10/01/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**
**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.**
**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**
**Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents..**

The street address and other common designation, if any, of the real property described above is purported to be:
**1830 Del Font Court, Las Vegas, NV 89117**

That by reason thereof the present Beneficiary under such Deed of Trust has executed and delivered to said duly appointed Trustee a written request to commence foreclosure and has deposited with said duly appointed Trustee a copy of such Deed of Trust and documents evidencing the obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
"See Attached Declaration"

**NOTICE**
You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed of Trust above described.  Section NRS 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occurred.  Where reinstatement is possible, if the default is not cured within the statutory period set forth in NRS Section 107.080, the right of reinstatement will terminate and the property may thereafter be sold.

Version 1.1 NV NOD 0515



TS No.: 2015-00998-NV



Exhibit **S**

3 of 8

# NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

**To determine if reinstatement is possible and the amount, if any, to cure the default, contact:**

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5
C/O Ocwen Loan Servicing, LLC
1661 Worthington Road
West Palm Beach, FL 33409
Phone: 877-596-8580

If you are the Trustor and wish to contact a representative of the Beneficiary to discuss foreclosure prevention alternatives, please contact: 877-596-8580

For foreclosure status, please contact: Western Progressive - Nevada, Inc., Northpark Town Center 1000 Abernathy Rd NE; Bldg 400, Suite 200 Atlanta, GA 30328, (866)-960-8299

Additionally included with this Notice of Default, please see "Exhibit A" - Nevada HUD Approved Housing Counseling Agency Contacts for a listing of local housing counseling agencies approved by the United States Department of Housing and Urban Development (HUD).



TS No.: 2015-00998-NV

Exhibit S 

4 of 8

# NOTICE OF DEFAULT AND ELECTION TO SELL REAL PROPERTY
## UNDER THE DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency that may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to Nevada Senate Bill 321, Section 11(5), to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more have passed since these due diligence efforts were satisfied.**

Dated: September 25, 2015

Western Progressive - Nevada, Inc., as Trustee for beneficiary

By: _____
Tamika Y. Smith, Trustee Sale Assistant

**WESTERN PROGRESSIVE – NEVADA, INC. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

State of Georgia }ss
County of Fulton}

On September 25, 2015, before me, Tanesha Humphrey, Notary Public, personally appeared Tamika Y. Smith who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)
Tanesha Humphrey



Exhibit **S**

5 of 8

# Declaration of Mortgage Servicer Pursuant to Nevada Senate Bill 321, Section 11(6)

Borrower(s): Harold Correos and Rosemarie O Correos
Mortgage Servicer: Ocwen Loan Servicing, LLC as Servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5
Loan No.: 359167683

The undersigned, as an authorized agent or employee of the mortgage servicer named above, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to Nevada Senate Bill 321, Section 11(2), to "assess the borrower's financial situation and to explore options for the borrower to avoid a foreclosure sale". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☒ The mortgage servicer has exercised due diligence to contact the borrower pursuant to Nevada Senate Bill 321, Section 11(5), to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to Nevada Senate Bill 321, Section 3.

4. ☐ No contact was required because the requirements of Nevada Senate Bill 321, Sections 2-16, inclusive, do not apply because the loan is not a "residential mortgage loan" because it is not primarily for personal, family or household use or is not secured by a mortgage or deed of trust on owner-occupied housing as defined in NRS 107.086 pursuant to Nevada Senate Bill 321, Section 7.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: 12/4/14

By: Matthew Owens

Contract Management Coordinator

29161



TS No.: 2015-00998-NV

Exhibit **S**

6 of 8

# AFFIDAVIT OF AUTHORITY TO EXERCISE THE POWER OF SALE

**Record Title Holder:**

Trustee Name and Address:
Western Progressive Nevada Inc
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400,
Suite 200, Atlanta, GA 30328

OR

**Borrower(s):**
**HAROLD S. CORREOS AND ROSEMARIE**
**CORREOS**

Property Address:
**1830 Del Font Court, Las Vegas, NV 89117**

Deed of Trust Document:
Instrument No.: **20050414-0003789**

STATE OF _Florida_ )
) ss
COUNTY OF _Palm Beach_ )

The affiant. _Kristin Frontera_ , being first duly sworn upon oath and under penalty of perjury, attests as follows:

1.I am an _Contract Management Coordinator_ of Ocwen Loan Servicing, LLC. I am duly authorized to make this Affidavit on behalf of Ocwen Loan Servicing, LLC as servicer for **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5** in its capacity as the current beneficiary of the subject Deed of Trust ("Beneficiary") or the Servicer for the current beneficiary of the Deed of Trust.

2. I have the personal knowledge required to execute this Affidavit from my review of the business records of the beneficiary, the successor in interest of the beneficiary or the servicer of the obligation or debt secured by the deed of trust, my review of the records of the recorder of the county in which the property is located, and/or title guaranty or title insurance issued by a title insurer or title agent authorized to do business in this State. I can confirm the accuracy of the information set forth herein. If sworn as a witness, I could competently testify to the facts contained herein.

3. In the regular and ordinary course of business, it is Ocwen Loan Servicing, LLC's practice to make, collect, and maintain business records and documents related to any loan it originates, funds, purchases and/or services, including the Subject Loan (collectively, "Business Records"). I have continuing access to the Business Records for the Subject Loan, and I am familiar with the Business Records and I have personally reviewed the business records relied upon to compile this Affidavit.

Version 1.1 NV AOA 0515



Exhibit **S**

7 of 8

TS No.: 2015-00998-NV

4. The full name and business address of the current trustee or the current trustee's representative or assignee is:

| Western Progressive Nevada Inc | Northpark Town Center<br>1000 Abernathy Rd NE; Bldg 400, Suite 200<br>Atlanta, GA 30328 |
| --- | --- |

5. The full name and business address of the current holder of the note secured by the Deed of Trust is:

| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5 | c/o Ocwen Loan Servicing, LLC<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |
| --- | --- |

6. The full name and business address of the current beneficiary of record of the Deed of Trust is:

| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5 | c/o Ocwen Loan Servicing, LLC<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |
| --- | --- |

7. The full name and business address of the current servicer of the obligation or debt secured by the Deed of Trust is:

| Ocwen Loan Servicing, LLC | 1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |
| --- | --- |

8. The beneficiary, its successor in interest, or the trustee of the Deed of Trust has actual or constructive possession of the note secured by the Deed of Trust and is entitled to enforce the obligation or debt secured by the Deed of Trust.

9. The beneficiary, its successor in interest, the trustee, the servicer of the obligation or debt secured by the Deed of Trust, or an attorney representing any of those persons, has sent to the obligor or borrower of the obligation or debt secured by the Deed of Trust a written statement containing the following information (I) the amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the underlying obligation or debt, as of the date of the statement; (II) the amount in default; (III) the principal amount of the obligation or debt secured by the Deed of Trust; (IV) the amount of accrued interest and late charges; (V) a good faith estimate of all fees imposed in connection with the exercise of the power of sale; and (VI) contact information for obtaining the most current amounts due and a local or toll free telephone number where the obligor or borrower of the obligation or debt may call to receive the most current amounts due and a recitation of the information contained in this Affidavit.

10. The borrower or obligor may utilize the following toll-free or local telephone number to inquire about the default, obtain the most current amounts due, and receive a recitation of the information contained in this Affidavit: 1-800-746-2936.

Version 1.1 NV AOA 0515



TS No.: 2015-00998-NV

Exhibit **S**

8 of 8



11. Pursuant to my review of the business records of the beneficiary, the successor in interest of the beneficiary, and/or the business records of the servicer of the obligation or debt secured by the Deed of Trust; and/or the records of the county recorder where the subject real property is located; and/or the title guaranty or title insurance issued by a title insurer or title agent authorized to do business in the state of Nevada, the following is the (I) date, (II) recordation number (or other unique designation); and (III) assignee of each recorded assignment of the subject Deed of Trust:

December 15, 2009,
Instrument No. 200912150002170
From: Mortgage Electronic Registration Systems, Inc., solely as nominee for Alliance Bancorp.
To: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5

Affiant Signature: _____  Date: 9/8/15
Print Name: Kristin Frontera
Title: Contract Management Coordinator
Ocwen Loan Servicing, LLC, servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-5

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged and sworn before me this 8 day of 9 , year of 2015 by Kristin Frontera as Contract Management Coordinator of Ocwen Loan Servicing, LLC, who is personally known to me or has produced _____ as identification.

_____
Notary Public - State of Florida
My Commission Expires: _____

Notary Public State of Florida
A Ramos
My Commission FF 903855
Expires 07/27/2019

A. Ramos

Version 1.1 NV AOA 0515